AARON MENDELSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10078. Promulgated November 14, 1929

*J. Marvin Haynes, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

OPINION.

ARUNDELL: The decision of the issue is controlled by section 202(a)(2) of the Revenue Act of 1921, which provides, so far as is material here, that in determining loss or gain on the sale of property " acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. * * * In the case of such property acquired by gift on or before December 31, 1920, the basis for ascertaining gain or loss from a sale or other disposition thereof shall be the fair market price or value of such property at the time of such acquisition." The petitioner acquired the stock in question by gift after December 31, 1920, and, accordingly, the basis established by Congress for ascertaining loss or gain on property acquired by gift prior thereto, does not apply.

The petitioner argues that where a taxpayer's donor acquired the property by gift prior to December 31, 1920, such as here, the value of the property at the time the donor obtained ownership should be used as the basis for determining any loss or gain on a subsequent sale by the donee, and that it was not the intention of Congress to disturb the basis established prior to December 31, 1920, and tax the appreciation in the value of property acquired by gift

prior to that date. In other words, he contends that the proper basis here is the same as it would be if the donor had sold the stock. This interpretation does not give full effect to the statute.

The Committee on Ways and Means in its report on the Revenue Bill of 1921 said, at page 9:

An essential change, however, is made in the treatment of property acquired by gift. No explicit rule is found in the present statute for determining the gain derived or the loss sustained on the sale of property acquired by gift; but the Bureau of Internal Revenue holds that under existing law the proper basis is the fair market price or value of such property at the time of its acquisition. This rule has been the source of serious evasion and abuse. Taxpayers having property which has come to be worth far more than it cost give such property to wives or relatives by whom it may be sold w.thout realizing a gain unless the selling price is in excess of the value of the property at the time of the gift. The proposed bill in paragraph (2) of subdivision (a) provides a new and just rule, namely, that in the case of property acquired by gift after December 31, 1920, the basis for computing gain or loss shall be the same as the property would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift.

The report of the Finance Committee of the Senate is to the same effect.

In *Bowers* v. *Taft*, 20 Fed. (2d) 561, (affd., 278 U. S. 470), the court said that, " The obvious purpose of section 202 (a) (2) was to prevent the loss of income represented within the profit to the donor during the period he held the property before he made his gift " and that " Congress, in effect, charged the gift with the tax which the donor would have paid had he received the market value for it at the time of the gift." The court further said:

This statute puts the donee, who pays nothing for the property, and who therefore loses nothing; on any theory of economic principle, in the position the donor would have been, in so far as taxation is concerned.

From the committee reports of Congress it is clear that the intention of Congress was to prevent loss of taxes on the enhanced value of property through the instrumentality of a gift or gifts. This intention was carried out in definite and unmistakable language. The quoted provisions of section 202 (a) (2) provide that where the donor purchased the property, the basis for determining any loss or gain on a sale by the donee shall be the cost thereof to the former, and in cases where the donor acquired the property by gift, then the basis shall be the cost to the last preceding owner by whom it was not acquired by gift. This case comes within the second clause of the provision. Accordingly, we find no error on the part of the respondent in determining the profit realized on the sales on the basis of the cost of the stock in 1916.

*Decision will be entered for the respondent.*