HELENE V. B. WURLITZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61690. Promulgated January 3, 1934.

*Laurence Graves, Esq.*, for the petitioner.
*Allin Pierce, Esq.*, for the respondent.

OPINION.

VAN FOSSAN: This proceeding was brought to redetermine a deficiency in the income tax of the petitioner for the year 1929 in the sum of $7,517.11.

The petitioner alleges that the respondent erred in determining that the basis for ascertaining the gain realized by the petitioner in 1929 from the sale of 512 shares of the capital stock of the Rudolph Wurlitzer Co., received by the petitioner on January 28, 1924, as a gift from her daughter, Louise Wurlitzer, who received the stock as a gift from her father, Howard E. Wurlitzer, prior to December 31,

1920, is the fair market value of such stock on March 1, 1913, in the hands of Howard E. Wurlitzer. The petitioner alleges that the proper basis is either the value of the stock on January 28, 1924, or its value when received by Louise Wurlitzer.

The facts were stipulated as follows:

The petitioner is an individual residing in Cincinnati, Ohio.

On January 28, 1924, the petitioner received as a gift from her daughter, Louise Wurlitzer, 515 shares of the common capital stock of The Rudolph Wurlitzer Company, a corporation. Of these 515 shares, 512 shares represented shares received by the said Louise Wurlitzer as gifts from her father, Howard E. Wurlitzer, on April 26, 1915, May 23, 1917, and August 31, 1918, together with stock dividends declared and received thereon.

The values of the said 512 shares of stock at the time of receipt by Louise Wurlitzer, after adjustment for a stock dividend of 100 per cent in 1920 and a stock dividend of 28 per cent in 1922, were as follows:

| Date | Shares | Per Share Value | Total Value |
|---|---|---|---|
| April 26, 1915 | 76.80 | $312.47 | $23,997.69 |
| May 23, 1917 | 179.20 | 328.09 | 58,793.72 |
| August 31, 1918 | 256 | 340.39 | 87,139.84 |
| Total | 512 | | $169,931.25 |

Louise Wurlitzer died on February 14, 1924. The respondent determined that the gift made by said Louise Wurlitzer, deceased, to the petitioner, of the 515 shares of stock of The Rudolph Wurlitzer Company was a transfer in contemplation of death and should be included as a part of the gross estate of the said Louise Wurlitzer for Federal estate tax purposes at a value of $235 per share, or a total value of $167,375. Upon the basis of such a determination the respondent assessed against and collected from the estate of the said Louise Wurlitzer a Federal estate tax in the amount of $2,046.11, no part of which has been refunded or credited.

In 1929 the petitioner sold the 515 shares of stock received from her daughter on January 28, 1924, together with other stock of The Rudolph Wurlitzer Company. In ascertaining the gain realized by the petitioner from the sale of 512 of the said 515 shares the respondent used as the petitioner's basis the basis of such stock in the hands of Howard E. Wurlitzer, from whom the said Louise Wurlitzer had received such stock as gifts, such basis being the March 1, 1913, fair market value of $107,283.40 or $209.557 per share.

### Section 113 (a) (2) of the Revenue Act of 1928 is as follows:

(a) *Property acquired after February 28, 1913.*—The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—

\*          \*          \*          \*          \*          \*          \*

(2) GIFT AFTER DECEMBER 31, 1920.—If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor

or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the fair market value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information that the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner.

The petitioner contends that the intendment of the above statute is to place the donee in the same position as his donor, that prior to December 1, 1920, the basis of measuring gain upon its sale is the fair market value of the property at the time of its acquisition by the donor and that, therefore, since the donor of Louise Wurlitzer acquired the stock prior to December 31, 1920, the petitioner's gain should be determined by the fair market value of the stock at that time. In *Aaron Mendelson*, 18 B.T.A. 215, we considered the same argument and held that the facts in that case, which in all essential respects is similar to the case at bar, brought it within the second clause of section 202(a)(2) of the Revenue Act of 1921, identical in meaning with section 113(a)(2). There, as here, the donor of the petitioner was also a donee. The original donor there happened to be the petitioner, but we see no vital difference in principle. At the time of the acquisition by the petitioner donee the situation was on all fours with the present case. Our holding in the *Mendelson* case was that:

Under the provisions of section 202(a)(2) of the Revenue Act of 1921, the basis for determining any loss or gain in the sale of property acquired by gift after December 31, 1920, from a person who also obtained ownership by gift, is the cost of the property to the last preceding owner by whom it was not so acquired.

The decision of the United States Supreme Court in *Taft* v. *Bowers*, 278 U.S. 470, is cited by counsel for both the petitioner and the respondent. We think it supports the view of the respondent rather than that of the petitioner. In that case, in which the appropriate provisions of the Revenue Act of 1921 were involved, the Supreme Court said:

If, instead of giving the stock to petitioner, the donor had sold it at market value, the excess over the capital he invested (cost) would have been income therefrom and subject to taxation under the 16th Amendment. He would have been obliged to share the realized gain with the United States. He held the stock—the investment—subject to the right of the sovereign to take part of any increase in its value when separated through sale or conversion and reduced to his possession. Could he, contrary to the express will of Congress, by mere gift enable another to hold this stock free from such right, deprive the sovereign of the possibility of taxing the appreciation when actually severed, and convert the entire property into a capital asset of the donee, who invested nothing, as though the latter had purchased at the market price? And, after a still further enhancement of the property, could the donee make a second gift with like effect, etc.? We think not.

In truth the stock represented only a single investment of capital—that made by the donor. And when through sale or conversion the increase was separated therefrom, it became income from that investment in the hands of the recipient subject to taxation according to the very words of the 16th Amendment. By requiring the recipient of the entire increase to pay a part into the public treasury, Congress deprived her of no right and subjected her to no hardship. She accepted the gift with knowledge of the statute and, as to the property received, voluntarily assumed the position of her donor. When she sold the stock she actually got the original sum invested, plus the entire appreciation, and out of the latter only was she called on to pay the tax demanded.

The provision of the statute under consideration seems entirely appropriate for enforcing a general scheme of lawful taxation. To accept the view urged in behalf of petitioner undoubtedly would defeat, to some extent, the purpose of Congress to take part of all gain derived from capital investments. To prevent that result and insure enforcement of its proper policy, Congress had power to require that for purposes of taxation the donee should accept the position of the donor in respect of the thing received. And in so doing, it acted neither unreasonably nor arbitrarily.

See also *Richard T. Keeley*, 15 B.T.A. 804; *Cooper* v. *United States*, 280 U.S. 409.

The petitioner also argues that since the respondent determined for Federal estate tax purposes that the stock in question was property transferred in contemplation of death and that the fair market value thereof at the time of transfer was $167,375, such sum should be taken as the basis of gain, for the reason that property so designated does not come within the exceptions contained in section 113. We see no merit in this contention. The fact that the respondent has denominated the stock as " property transferred in contemplation of death " makes it none the less a gift. And we are dealing with the statute that applies directly to gifts regardless of the circumstances under which they were made. Petitioner's contention is directly contrary to article 593 of Regulations 74. We approve the action of the respondent.

*Decision will be entered for the respondent.*