## COMMISSIONER OF INTERNAL REVENUE v. CORA B. IGLEHEART TRUST ESTATE.

## CORA B. IGLEHEART TRUST ESTATE v. COMMISSIONER OF INTERNAL REVENUE.

### Nos. 5191, 5197.

Circuit Court of Appeals, Seventh Circuit.

Jan. 3, 1935.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and M. H. Eustace, Sp. Assts. to Atty. Gen., and Morton K. Rothschild, of Washington, D. C., for Commissioner of Internal Revenue.

John E. McClure, of Washington, D. C. (Maude Ellen White and Miller & Chevalier, all of Washington, D. C., of counsel), for taxpayer.

Before ALSCHULER, SPARKS, and FITZHENRY, Circuit Judges.

FITZHENRY, Circuit Judge.

This case comes before us on the petitions of the Commissioner and the trustee of the Cora B. Igleheart Trust Estate for the review of the decision of the United States Board of Tax Appeals.

The case was taken before the United States Board of Tax Appeals to get a redetermination of a deficiency of $12,245.88 in income tax determined against the estate for the year 1927 by the Commissioner of Internal Revenue. The sole point involved was the proper basis for computing the gain or loss resulting from the sale of 1,000 shares of certain stock.

On June 1, 1926, Addison W. Igleheart transferred 3,000 shares of stock in trust for the use and benefit of his wife, Cora B. Igleheart. At the time of the transfer, each of these shares of stock had a value of $88.9375. Addison W. Igleheart died on December 24, 1927. On that date each of said shares of stock had a value of $125.0625. During 1927 the petitioner, Cora B. Igleheart, as trustee, sold 1,000 shares of said stock for $113,710 and reported a profit for federal income tax purposes upon such sale of $24,585, this profit representing the difference between the value of $89.125 per share at the time of the transfer in trust, or a total of $89,125, and the total selling price of $113,710.

At the trial before the Board, the Commissioner contended that the Cora B. Igleheart Trust Estate was required to compute the profit from the sale upon the basis of the value of the stock on March 1, 1913, or $4.-860754 per share. The Cora B. Igleheart Trust Estate contended that it was entitled to use the value of $125.0625 per share existing on the date of settlor's death, December 24, 1927. The Board determined that the Cora B. Igleheart Trust Estate was entitled to use the value on June 1, 1926, the date of transfer, of $88.9375 per share.

Sections 204 and 302 of the Revenue Act of 1926 provide:

"Sec. 204. (a) The basis for determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; except that—* * *

"(3) If the property was acquired after December 31, 1920, by a transfer in trust (other than by a transfer in trust by bequest or devise) the basis shall be the same as it would be in the hands of the grantor, increased in the amount of gain or decreased in the amount of loss recognized to the grantor upon such transfer under the law applicable to the year in which the transfer was made. The provisions of this paragraph shall not apply to the acquisition of such property interests as are specified in subdivision (c) or (e) of section 402 of the Revenue Act of 1921, or in subdivision (c) or (f) of section 302 of the Revenue Act of 1924, or in subdivision (c) or (f) of sec-

tion 302 of this Act [section 1094 of this title]; * * *

"(5) If the property was acquired by bequest, devise, or inheritance, the basis shall be the fair market value of such property at the time of such acquisition. The provisions of this paragraph shall apply to the acquisition of such property interests as are specified in subdivision (c) * * * of section 302 of this Act [section 1094 of this title]." 26 USCA § 935 (a) (3, 5).

"Sec. 302. * * * (c) * * * Where within two years prior to his death but after the enactment of this Act [February 26, 1926], and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this chapter." 26 USCA § 1094 (c).

We think the Board properly held that the property conveyed by this transfer in trust is such as is specified in section 302 (c) above quoted, and that it is therefore excluded from the operation of section 204 (a) (3).

In the case of Heiner v. Donnan, 285 U. S. 312, 52 S. Ct. 358, 76 L. Ed. 772, the Supreme Court held that the "conclusive presumption" contained in section 302 (c) was unconstitutional. The Board properly held that this decision leaves the presumption subject to rebuttal by a preponderance of evidence that the transfer was not in fact made in contemplation of death and, since in this case there were no facts proven or stipulated other than the fact of transfer within two years prior to the donor's death, the presumption was not rebutted.

The property in question having been transferred in contemplation of death, we cannot agree with the Board that the proper basis upon which to compute the gain or loss upon sale was its value at the time of the transfer in trust.

The Board of Tax Appeals reached its conclusion as to the date when the valuation of the stock sold should be ascertained as of the date of the transfer of the property, that is, in this case, the date of the execution of the deed of trust, considering the case squarely ruled by that of Lettie Snyder v. Com'r, 27 B. T. A. 1285. That case was reviewed by the Court of Appeals of the District of Columbia, and the Board's holding in it was reversed. Snyder v. Helvering, Commissioner, 63 App. D. C. 59, 69 F.(2d) 377.

The holding of the Board that the computation of gain upon the sale by petitioner of 1,000 shares of stock here involved was $89.125 per share, being the fair cash market value of the stock at the date of the transfer by the donor, is erroneous and, to that extent, the decision of the Board must be reversed, and the cause remanded, with directions to take the valuation of the stock as of the date of the death of the donor to determine the amount of profit from the sale.

In all other respects the decision of the Board is affirmed.