**WURLITZER v. HELVERING, Commissioner of Internal Revenue.**

No. 6795.

Circuit Court of Appeals, Sixth Circuit.

Jan. 16, 1936.

Ike Lanier, of Cincinnati, Ohio, for petitioner.

Frank J. Wideman, Sewall Key, Robert H. Jackson and Allin H. Pierce, all of Washington, D. C., for respondent.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This case arises on petition to review an order of the Board of Tax Appeals (29 B.T.A. 658) sustaining a determination of deficiency in income tax for the calendar year 1929 in the sum of $7,517.11.

The pertinent facts are stipulated. On January 28, 1924, petitioner received as a gift from her daughter Louise 515 shares of common stock of The Rudolph Wurlitzer Company, 512 shares of which represented stock received by the donor as gifts from her father, Howard E. Wurlitzer, in 1915, 1917 and 1918. Howard E. Wurlitzer acquired these shares not by gift, and prior to March 1, 1913. The daughter died on February 14, 1924, seventeen days after making the gift to petitioner. Respondent regarded the gift as a transfer in contemplation of death, assigned to it a value of $325 per share at the time of acquisition, and levied an estate tax of $2,046.11, which was paid.

In 1929 petitioner sold the shares and realized a taxable gain. Respondent assessed the amount of tax by using as a basis for determining such gain the fair market value of the stock as of March 1, 1913, in accordance with section 113 (a) (2) of the Revenue Act of 1928, 45 Stat. 791, title 26, U.S.C. § 2113 (a) (2) (now section 113 (a) (2), U.S.C. (26 U.S.C.A. § 113 note).[1] This basis gave a valuation of $209.557 per share. No part of the sum paid as estate tax was refunded or credited.

Petitioner contends that inasmuch as the respondent has construed the gift for estate tax purposes as a gift in contemplation of death, the taxable gain should be determined according to the basis provided in section 113 (a) (5) of the Revenue Act of 1928, 45 Stat. 819[2] title 26, U.S.C. § 2113 (a) (5) (now section 113 (a) (5), U.S.C. (26 U.S.C.A. § 113 note), which would give the stock a valuation as of February 14, 1924. In the alternative, petitioner contends that if section 113 (a) (2) applies, the basis of valuation is the fair market value of the stock at the time the donor received it from her father, rather than as of March 1, 1913. If the basis used by the Commissioner is correct, the valuation is not contested.

Respondent was correct in applying section 113 (a) (2) and in valuing the stock as of March 1, 1913. Section 113 (a) (2) applies to all gifts irrespective of their nature. The statute makes no distinction between gifts inter vivos and gifts in contemplation of death. Also the legislative history of the statute strongly supports this conclusion. Section 113 (a) (5) (the section here involved) as introduced, contained a provision making it apply to property acquired by transfer in contemplation of death. Section 113 (a) (3) contained a provision that section 113 (a) (2) should not apply to transfers in contemplation of death. Each of these provisions was stricken out in conference, and the Senate Committee on Finance in its report as to the bill said:

"The effect of striking out the last sentence of section 113 (a) (3) is also to make the basis in the case of gifts in contemplation of death or to take effect in possession or enjoyment at or after death, if made after December 31, 1920, the same as the basis which the property would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift."

---

[1] Section 113 (a) (2). If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift.

[2] Section 113 (a) (5). If personal property was acquired by specific bequest, or if real property was acquired by general or specific devise or by intestacy, the basis shall be the fair market value of the property at the time of the death of the decedent. * * *

Congress then deliberately made section 113 (a) (5) inapplicable to gifts in contemplation of death, and eliminated from section 113 (a) (3) a provision under which section 113 (a) (2) was inapplicable to gifts in contemplation of death. Heiner, Collector, v. Donnan, 285 U.S. 312, 52 S.Ct. 358, 76 L.Ed. 772, and Snyder v. Helvering, Commissioner, 63 App.D.C. 59, 69 F.(2d) 377, construed the Revenue Act of 1926, and are not controlling. The stock here involved was acquired by gift after December 31, 1920, and the case comes squarely within the provisions of section 113 (a). (2).

■ It was the intention of Congress in enacting this statute to tax all net gains realized upon the sale of property which represents accretion in value and to levy a tax on the beneficiary of the gains received. Petitioner claims that the decision of the Supreme Court in Taft v. Bowers, 278 U. S. 470, 49 S.Ct. 199, 200, 73 L.Ed. 460, 64 A.L.R. 362, construing a preceding but similar statute, requires that the donee shall accept the position of the donor in respect of the thing received, and that petitioner therefore is required to assume the position of Louise Wurlitzer instead of that of Howard E. Wurlitzer, for purposes of the tax. This contention ignores the phrase "from the last preceding owner, by whom it was not acquired by gift," and the wording of Article 593, Treasury Regulations, 74³ (approved February 15, 1929).

Moreover, while the case of Taft v. Bowers, 278 U.S. 470, at page 482, 49 S.Ct. 199, 201, 73 L.Ed. 460, 64 A.L.R. 362, involved only one gift, the Supreme Court, said: "And after a still further enhancement of the property, could the donee make a second gift with like effect, etc.? We think not." Both the statute and the Supreme Court contemplated the possibility of successive gifts. It was in order to tax net gains realized in accretion of value in cases of successive gifts that the phrase as to acquisition from the last preceding owner by whom it was not acquired by gift was included in the statute. The fact that respondent regarded the gift as one in contemplation of death and assigned a different value in 1924 for estate tax purposes has no bearing. While the same property was involved, the sale in 1929 was a distinct and separate transaction from the receipt of the property in 1924. The taxable gain was realized by this donee in 1929 and was correctly calculated.

The order is affirmed.

---

³ Art. 593. If the property was acquired by gift after December 31, 1920 (even though the gift was made in contemplation of, or was intended to take effect in possession or enjoyment at or after the donor's death), the basis is the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift.