Charles J. BACCIOCCO and Mary Jo Bacciocco, Plaintiffs,

v.

UNITED STATES, Defendant.

Nellie R. O'DONNELL and James B. O'Donnell, Plaintiffs,

v.

UNITED STATES, Defendant.

Charles J. BACCIOCCO and James B. O'Donnell, Trustees, Plaintiffs,

v.

UNITED STATES, Defendant.

Civ. Nos. 1821–1823.

United States District Court
S. D. Ohio, W. D.
May 21, 1959.

Charles B. Ginocchio, Ginocchio & Ginocchio, Cincinnati, Ohio, James B. O'Donnell, Dolle, O'Donnell, Cash, Fee & Hahn, Cincinnati, Ohio, for plaintiffs.

Hugh K. Martin, U. S. Atty., H. Donald Hawkins, Asst. U. S. Atty., Dayton, Ohio, Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, Jerome S. Hertz, Department of Justice, Washington, D. C., for defendant.

CECIL, District Judge.

The plaintiffs in these cases filed complaints to recover from the defendant certain sums of money previously paid as income taxes alleged to have been erroneously, illegally and wrongfully assessed and collected.

The cases are submitted to the Court upon the pleadings, stipulations of facts and briefs of counsel.

The question involved is whether or not capital gains reported in 1948 tax returns should be calculated on the valuation of the stock in question in the hands of the grantor of inter vivos trusts, or the valuation of such stock at the time of grantor's death.

The Court adopts the facts as stipulated as its Findings of Fact and incorporates them herein by reference.

Counsel for the plaintiffs claim that the facts bring the cases within the provisions of Paragraph (5) of Section 113 (a) of the Internal Revenue Code of 1939, as amended, 26 U.S.C.A. § 113(a)(5). This section, so far as is applicable, reads as follows:

"If the property was acquired by bequest, devise, or inheritance, or by the decedent's estate from the decedent, the basis shall be the fair market value of such property at the time of such acquisition. In the case of property transferred in trust to pay the income for life to or upon the order or direction of the grantor, with the right reserved to the grantor at all times prior to his death to revoke the trust or to make any

change in the enjoyment thereof through the exercise of a power to alter, amend, or terminate the trust, the basis of such property in the hands of the persons entitled under the terms of the trust instrument to the property after the grantor's death shall, after such death, be the same as if the trust instrument had been a will executed on the day of the grantor's death."

In 1948, at the time of the liquidation of the stock by the mutualization of the Western and Southern Life Insurance Company, the plaintiffs, Mary Jo Bacciocco and Nellie R. O'Donnell, had received the stock which was the subject of two of the trusts (Cases numbered 1821 and 1822).

It seems obvious that under no consideration can it be claimed that they received this stock by bequest, devise or inheritance. They were not such heirs as would inherit under the Ohio statutes of descent and distribution. They did not receive it under any devise or bequest of a will of William J. Williams.

Plaintiffs' counsel claim that in Ohio a trust is the same as a will. While it may create the same kind of an estate, it is nevertheless not a will and an estate received through an intervivos trust is not a devise or a bequest. Union Trust Co. v. Hawkins, 121 Ohio St. 159, 167 N.E. 389, 73 A.L.R. 190, holds that a trust agreement which provides for disposition of property after death is testamentary in character. "One who constructs a valid present trust, providing for a life estate in himself with a further trust in favor of other beneficiaries on his death, grants to such beneficiaries an immediate equitable title in remainder, and the arrangement is not of a testamentary nature." Cleveland Trust Co. v. White, 134 Ohio St. 1, 15 N.E.2d 627, 630, 118 A.L.R. 475. See also First National Bank of Cincinnati v. Tenney, 165 Ohio St. 513, 518, 138 N.E.2d 15.

It is a theory of plaintiffs' counsel that since the 1923 trust instruments provided for reversionary interests to the grantor and his estate, the taxpayers acquired the stock in question by acquiring the reversionary interests from the estate of the grantor.

The Court cannot accept this argument. It stems from a false premise and is a strained and distorted view of the facts. The authorities cited do not support the contention.

The beneficiaries of these trusts were all in being at the time of their execution. There was one contingency which might have terminated the trusts and caused the corpora to revert to grantor in his lifetime. This was the death of any one of the sisters prior to the death of the grantor. The grantor died first and consequently there was no reversion to him.

There was a further contingency which might have terminated the trusts and caused the property to revert to the estate of the grantor.

This would have occurred had both nieces died without issue surviving before either reached age 25. This never happened and, according to the facts, there were only three chances in ten thousand that it might.

The Court considers that these trust instruments created life estates in the sisters with contingent remainders in the nieces. And further, that the nieces took the remainders under the trust agreements and when the remainders vested the reversionary interests were extinguished. Gilpin v. Williams, 25 Ohio St. 283; Fidelity-Philadelphia Trust Co. v. Harloff, 133 N.J.Eq. 44, 30 A.2d 57; Whitten v. Whitten, 203 Okl. 196, 219 P.2d 288.

Finally, the claim is made that the income of the trusts was payable to or on the direction of the grantor and that the trusts were revocable; that by reason thereof the second sentence of Paragraph (5), supra, is applicable.

This claim is entirely unfounded. By the instruments, the grantor put it completely out of his power to change or direct the payment of income or the disposition of the corpora of the trusts. These trust agreements must be and are considered by the Court to have been irrevocable.

Counsel for the defendant claim that the facts are governed by Paragraph (2) of the Act hereinbefore cited. So far as applicable, this paragraph reads as follows:

"If the property was acquired by gift after December 31, 1920, the basis shall be the same as it would be in the hands of the donor or the last preceding owner by whom it was not acquired by gift, * * *."

The nieces received the stock which was the subject of these trusts without consideration from the settlor of the trusts. The transactions have all the attributes of gifts and none of devises, bequests or inheritances. Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748.

The Court is of the opinion that Paragraph (2), supra, is controlling of the facts as found.

■ In case No. 1823, the life tenant was still living at the time of the liquidation of the stock in 1948. The stock had been continuously in the hands of the original trustee and his successors from the inception of the trust. The legal title in fee simple was vested in the trustee and the income of the trust in his hands was subject to the tax assessed against him. Title 26, section 161 (I.R.C.1939).

The fact that the substance of the trusts had been subjected to an estate tax is of no legal significance so far as the taxes assessed herein are concerned. Wurlitzer v. Helvering, 6 Cir., 81 F.2d 928.

Treasury Regulations 111 promulgated under the Internal Revenue Code of 1939, so far as applicable, is as follows:

"Section 113(a)(2) applies to all property acquired after December 31, 1920 by gift. It does not apply:

"(1) To property acquired by devise or bequest (see section 113(a) (5); or

"(2) To property acquired by an instrument which, under section 113 (a)(5), is to be treated as though it were a will.

"Section 113(a)(2) applies to all gifts of whatever description, whenever and however made, perfected, or

taking effect; whether in contemplation of or intended to take effect in possession or enjoyment at or after the donor's death; or whether made by means of the exercise (other than by will) of a power of appointment or revocation, or any other power. Section 113(a)(2) applies whether the gift was made by a transfer in trust or otherwise."

■ Treasury Regulations are to be sustained unless unreasonable and plainly inconsistent with the Revenue Statutes and they constitute contemporaneous constructions by those charged with administration of the statutes and should not be overruled except for weighty reasons. Commissioner v. South Texas Lumber Company, 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831.

The Court concludes that the taxes as assessed were proper and the judgment herein should be in favor of the defendant in all three cases.

The Court considers this opinion sufficient to comply with Rule 52 of Federal Rules of Civil Procedure, 28 U.S.C.A., for separate Findings of Fact and Conclusions of Law.

Counsel for the Government will prepare and submit an order to the Court for approval, subject to the approval of counsel for the plaintiffs.