HAMILTON ALLPORT AND GILE ALLPORT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1562.   Promulgated November 30, 1944.

*Julius C. Bank, C. P. A.,* for the petitioners.
*Richard L. Greene, Esq.,* for the respondent.

OPINION.

STERNHAGEN, *Judge*: The Commissioner's determination is based upon the definition of partial liquidation contained in section 115 (i) of the Internal Revenue Code [1] and treats the gain of $5,150 as a short term capital gain as required by section 115 (c), providing: "Despite the provisions of section 117, the gain so recognized shall be considered as a short-term capital gain, except * * * *." (The exception is irrelevant.) The effect of this was to subject all of the gain to tax. The petitioner assails this and demands, under section 117 (b), that the gain be recognized only to the extent of 50 percent because he had held the shares more than 24 months.

There is no escape from the Commissioner's application of the statute to the facts. The $10,900 was squarely within the statutory definition of section 115 (i) because it was in fact, and indeed in the clear intent of the corporation, in complete cancellation or redemption of part of its stock. This statutory definition is not qualified by the actual or constructive intent of either the corporation or the shareholder, but is absolute within its express terms. It would not matter if the shareholder were entirely without information as to the plan or the authorization or requirement of the corporation in respect of the acquisition of such shares. However, this petitioner was fully advised by the provision on his certificates that such shares could be purchased by the corporation and, if purchased pursuant to the articles of incorporation, must be retired. This requirement had nothing to do with any plan which the corporation might have for an expansion or nonliquidation of its business. The statute applies, not to a distribution in liquidation of the corporation or its *business*, but to a distribution in cancellation or redemption of a part of its *stock*. Since this is precisely what the evidence shows, there is no alternative to the recognition of the $10,900 as a distribution in partial liquidation and the application of the short term capital gain provision to 100 percent of the $5,150 gain. *Dodd* v. *Commissioner*, 131 Fed. (2d) 382, affirming 46 B. T. A. 7; *Hill* v. *Commissioner*, 126 Fed. (2d) 570; *Alpers* v. *Commissioner*, 126 Fed. (2d) 58; *Cohen Trust* v. *Commissioner*, 121 Fed. (2d) 689; *Hammans* v. *Commissioner*, 121 Fed. (2d) 4; *L. B. Coley*, 45 B. T. A. 405; appeal dismissed.

*Decision will be entered for the respondent.*

---

[1] As used in this section the term "amounts distributed in partial liquidation" means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.