STANLEY D. BEARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 3711.    Promulgated February 9, 1945.

*Floyd F. Toomey, Esq.,* and *John P. Lipscomb, Jr., Esq.,* for the
petitioner.

*William F. Evans, Esq.,* for the respondent.

OPINION.

STERNHAGEN, *Judge*: The taxpayer on October 25, 1939, sold his 1,379 shares of Laboratories stock to Cyanamid for $25,949.41. Because of the circumstances preceding the sale, from which it is clear that Cyanamid knew that its purchase of the Laboratories shares of any shareholder would have the effect of a lower tax upon the shareholder than if the shares were redeemed by Laboratories while owned by him, the Commissioner argues that the amount received by the shareholder should be treated not as sale price, but as if it were the redemption price which Laboratories would have paid him if he had waited for the redemption and thus received substantially the same amount from Laboratories. The taxpayer's motive of selecting the sale to Cyanamid instead of the redemption transfer to Laboratories was to avoid the higher tax, but this is not a vicious motive which vitiates the transaction adopted or one requiring that to him must be imputed the more onerous tax effect of the alternative transaction which he avoided.

There is in the evidence no indication of sham on the taxpayer's part. He did not go through an empty form, like the setting up of a pseudo corporation (*Gregory* v. *Helvering*, 293 U. S. 465; *Higgins* v. *Smith*, 308 U. S. 473), which the Commissioner is permitted to disregard, or a pseudo sale which was promptly rescinded, or which the revenue act warned might not be recognized. Cf. *Hamilton Allport*, 4 T. C. 401. He had an election as between two transactions, and *bona*

*fide* he elected the one with less onerous tax consequences. He was not bound to retain his shares and await the redemption by the Laboratories corporation with its inevitably higher tax. He was permitted to sell them to Cyanamid or any other purchaser he could find (*W. P. Hobby*, 2 T. C. 980) ; and when he sold, he could not escape the tax imposed by the statute upon the gain from the sale that actually occurred. If it were to his tax advantage to do so, he would not be heard to say that not the actual transaction, but a fictitious transaction which might have been, must be recognized as the occasion for his tax.

The Commissioner is no less required to tax him in accordance with what occurred, and he is not permitted to distort the transaction by giving it an artificial character upon which a larger tax could be imposed if it were true. When the Laboratories redemption occurred, this taxpayer was not the owner of the shares; he had already sold them and realized his gain. The only question as to his tax was what was the proper statutory provision to be applied to the gain so realized, and this he correctly found to be section 117, defining the gain from the sale of property held more than 24 months as a long term capital gain and requiring recognition of such gain to the extent of 50 percent thereof. This, we think, the Commissioner is required to recognize. The determination that the gain from the sale to Cyanamid was received in partial liquidation of Laboratories and as such was 100 percent taxable under section 115 (c) is reversed.

*Decision will be entered for the petitioner.*