Rose M. Everett v. Commissioner.
Everett v. Commissioner
Docket No. 2313.
United States Tax Court
1945 Tax Ct. Memo LEXIS 211; 4 T.C.M. (CCH) 454; T.C.M. (RIA) 45154; May 1, 1945
*211 Bruce Low, Esq., Charles C. Norris, Jr., Esq., and Matthew F. Dorsey, Esq., for the petitioner. William D. Harris, Esq., for the respondent. OPPER
Memorandum Opinion OPPER, Judge: Petitioner by this proceeding contests respondent's determination of a deficiency of $15,639.24 in her income tax for 1940. Two questions are presented, the first being whether the transaction resulting in the disposition of 664 shares of the $5 preference stock of the Philadelphia Storage Battery Co. to a broker after a public announcement of the retirement of the stock, constituted a sale of a capital asset or a distribution in partial liquidation, and the second (to be considered only if the transaction is regarded as a sale) being a question of basis on certain of the shares received by petitioner in a manner which caused respondent to hold them to be a gift in contemplation of death. This proceeding is a companion case to those involved in the cases of Ethel I. Buckley, Docket No. 2300, et al, decided this day. Reference is made to those cases for a factual background to the transactions here involved. The facts are presented by a master stipulation covering the case at bar and *212 the cases involved in the proceeding to which reference was last made, and an individual stipulation for the present petitioner. All of the stipulated facts are hereby found accordingly. [The Facts] Petitioner is a resident of Philadelphia, Commonwealth of Pennsylvania, who timely filed her income tax return for 1940 with the collector of internal revenue for the first district of Pennsylvania. Petitioner's husband, E. Earle Everett, owned 664 shares of $5 preference stock of the Philadelphia Storage Battery Company issued to him as a stock dividend on a like number of shares of common stock on or about June 2, 1932. On June 6, 1932, petitioner acquired these preference shares as a gift from her husband. The basis of the preference shares in the hands of the donor was $8,088.76. The donor died on July 20, 1936. In the examination of the Federal estate tax return respondent took the position that the transfer of stock was in contemplation of death and that the 664 shares should be included as part of the decedent's gross estate at their fair market value of $100 per share. However, in the final settlement of the issue only 221 1/3 shares, valued at $100 per share or *213 a total of $22,133.33 was taxed as part of the decedent's estate. The Philco Corporation (successor of the Philadelphia Storage Battery Company as of January, 1940) decided to offer to buy "FOR ITS TREASURY AND NOT FOR RETIREMENT" 10,000 shares, more or less, of the outstanding $5 preference stock of approximately 40,000 shares, and the holders of this preference stock were so advised by notice dated February 19, 1940. For some reason not disclosed by the record, petitioner did not offer her stock for sale to the corporation under this offer to purchase. On July 15, 1940, the directors of Philco Corporation by resolution authorized the redemption and cancellation of the 25,078 shares of $5 preference stock then outstanding, at any time on or before August 14, 1940, upon the payment of the par value thereof, that is, $100 a share. Funds were deposited with the First Trust Company of Philadelphia, for the purpose of making payment for shares of such stock presented for redemption. Petitioner, on July 23, 1940. sold these 664 shares of $5 preference stock to Jackson & Curtis, stock brokers, for the sum of $66,180.88. Jackson & Curtis in turn "sold" these 664 shares of $5 preference *214 stock acquired from petitioner on July 23, 1940, to the First Trust Company of Philadelphia as agent for the Philco Corporation. First Trust Company of Philadelphia transferred these 664 shares of $5 preference stock to the Philco Corporation on August 1, 1940, at $100 per share, or $66,400. In computing the gain on the sale of petitioner's stock a cost basis of $5,392.51 was used as to 442 2/3 shares, concerning which there is no dispute. The gain reported by petitioner in her income tax return for 1940 was on the basis of a long term capital gain upon the profits realized upon the sale of these 442 2/3 shares of $5 preference stock. Respondent, however, determined that 100 percent of the gain was taxable. In computing the gain on 221 1/3 shares of the $5 preference stock the taxpayer used as a basis $100 per share, the value upon which estate tax was assessed and paid by petitioner as executrix of the Estate of E. Earle Everett, deceased. Petitioner, being the residuary beneficiary under the will of decedent, bore the full burden of the estate tax so paid and assessed. In computing the gain on 221 1/3 shares of such stock respondent has used as a cost basis the amount of $2,696.25 *215 ($8,088.76 - $5,392.51), the cost basis to the donor. The gain reported by petitioner in her income tax return for 1940 was on the basis of a long term capital gain upon the sale of the 221 1/3 shares of $5 preference stock. Respondent, however, determined that 100 percent of the gain was taxable. United States documentary transfer stamps were placed on the stub of a certificate representing the shares thus acquired by the corporation in the sum of $39.84, and Pennsylvania stock transfer stamps in the sum of $13.28. The sale by petitioner of stock which she could, instead, have had redeemed cannot be treated as the equivalent of redemption without doing violence to the principle established in W. P. Hobby, 2 T.C. 980; see also Stanley D. Beard, 4 T.C. 756 (February 9, 1945); Clara M. Tully, 1 T.C. 611. The respondent has acquiesced in the Hobby and Tully cases. In order to obtain the redemption price which had been deposited with the corporation's bankers, petitioner would have been required to produce and deliver the stock for redemption. Unless she did so, she was no more in the position of turning her back on available funds than were *216 the petitioners in the cases to which we have referred. It seems to us impossible to treat the present proceeding as different in principle from those cases. On the authority thereof, it must be concluded that petitioner is taxable upon the gain in question as a long-term capital gain. The dispute as to the correct basis of one-third of the shares arises from the contention that since these had been previously taxed as gifts in contemplation of death, they should carry the value at the date of death of the donor rather than his own basis. The statute, Internal Revenue Code, section 113(a)(2), and its legislative history make clear that this position is untenable. Helena V. B. Wurlitzer, 29 B.T.A. 658 affirmed (C.C.A., 6th Cir.), 81 Fed. (2d) 928, see 3 Mertens "Law of Federal Income Taxation" 407. The case of Snyder v. Helvering (C.A.D.C.), 69 Fed. (2d) 377, principally relied on by petitioner, is, as the Wurlitzer opinion observes "not controlling" because it "construed the Revenue Act of 1926." On this issue respondent's action is sustained. Decision will be entered under Rule 50.