UNION STARCH AND REFINING COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 65357. Filed February 25, 1959.

*William F. Welch, Esq.*, for the petitioner.
*Hubert E. Kelly, Esq.*, for the respondent.

### OPINION.

Van Fossan, *Judge:* The question is whether petitioner realized a long-term capital gain as a result of the transfer of 8,700 shares of Sterling Drug stock, held by the petitioner as an investment, in exchange for 1,609¾ shares of its own stock, owned by a former officer-employee and his wife.

Petitioner urges that the transaction constituted a redemption and cancellation of a part of petitioner's outstanding common stock and was, in effect, a partial liquidation.

It is the respondent's contention that the transaction was in reality a sale of the Sterling Drug stock and resulted in a long-term capital gain taxable to petitioner pursuant to sections 22(a), 117(a), and 117(c) of the Internal Revenue Code of 1939 and the Regulations thereunder.

We are of the opinion that the petitioner's view is correct, that the transaction constituted a partial liquidation, and that, accordingly, no taxable gain was realized by petitioner. Sec. 115(c), I.R.C. 1939;[1] Regs. 118, sec. 39.22(a)–20.[2]

Section 115(i) of the Internal Revenue Code of 1939 defines a partial liquidation as "a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock."

---

[1] SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

(c) DISTRIBUTION IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. * * *

[2] Sec. 39.22(a)–20 *Gross income of corporation in liquidation.* * * * No gain or loss is realized by a corporation from the mere distribution of its assets in kind in partial or complete liquidation, however they may have appreciated or depreciated in value since their acquisition. * * *

Regulations 118, section 39.22(a)–15, relied upon by both petitioner and respondent, provides, *inter alia*, that—

(a) Whether the acquisition or disposition by a corporation of shares of its own capital stock gives rise to taxable gain or deductible loss depends upon the real nature of the transaction, which is to be ascertained from all its facts and circumstances. * * *

(b) However, if a corporation deals in its own shares as it might in the shares of another corporation, the resulting gain or loss is to be computed in the same manner as though the corporation were dealing in the shares of another. So also if the corporation receives its own stock as consideration upon the sale of property by it, or in satisfaction of indebtedness to it, the gain or loss resulting is to be computed in the same manner as though the payment had been made in any other property. * * *

Here, the facts and circumstances lead us to the conclusion that the real nature of the transaction was a partial liquidation of Union Starch stock, not a sale of Sterling Drug stock.

It is clear that the transaction was initiated by King and came about as a result of his desire to have the petitioner reacquire his Union Starch stock. He was anxious to secure diversification and easier marketability for his holdings. Negotiations for the transfer of Sterling Drug stock, which was listed on the New York Stock Exchange, in redemption of his stock arose only after the parties had been unable to agree upon a fair market value for the Union Starch stock. King's primary consideration in determining the number of shares of Sterling Drug to be transferred in exchange for the shares of Union Starch stock was the question of yield or income to be derived from one as compared with the other.

Aside from an obligation to pay King a pension of $5,000 a year, there is no evidence that petitioner was in any way indebted to King or his wife. Petitioner has continued to pay King his pension.

According to the record, petitioner was not dealing in its own shares or in Sterling Drug stock. The 13,323 shares of Sterling Drug held by petitioner were acquired in 1948 upon the reorganization of a former affiliate and were held as an investment asset. The Kings' Union Starch stock was canceled 2 days after its acquisition by petitioner and did not participate in a 12 for 1 stock split effected by the petitioner in April 1955. Petitioner has not redeemed the shares of any other minority shareholders since the transaction with the Kings and has continued to hold the balance of the Sterling Drug stock as an asset.

Respondent argues that there could not have been a partial liquidation since there was no genuine contraction of petitioner's business, citing *Joseph W. Imler*, 11 T.C. 836 (1948). This argument is without merit. The *Imler* case does not stand for the proposition for which it is cited. Furthermore, section 115(i) of the Internal

Revenue Code of 1939, defining a partial liquidation, applies not to a distribution in cancellation or redemption of a part of the business of a corporation, but to a distribution in cancellation or redemption of a part of its stock. *Hamilton Allport*, 4 T.C. 401 (1944).

Respondent points out that there was no amendment of the petitioner's corporate charter reducing its authorized capital stock. While this failure of the petitioner was relevant evidence on respondent's part, we do not think it is of sufficient weight to overcome the other facts in the record, all pointing to the conclusion that the transaction in question was a partial liquidation. Cf. *United States v. Anderson, Clayton & Co.*, 350 U.S. 55 (1955).

All the cases relied upon by the respondent may be distinguished on their facts.

We hold that the transaction constituted a partial liquidation within the meaning of section 115(c) and (i) of the Internal Revenue Code of 1939, and that no taxable gain was realized by petitioner. *General Utilities Co.* v. *Helvering*, 296 U.S. 200 (1935); *Lencard Corporation*, 47 B.T.A. 58 (1942).

*Decision will be entered for the petitioner.*