RAILROAD COMPANY *v.* ROSE.

A railroad company paid to the holders of its bonds the entire amount of semi-annual interest accruing thereon from Jan. 1 to July 1, 1870. *Held,* that the proper internal revenue officer of the United States rightfully assessed against the company a tax of five per cent upon the amount so paid.

ERROR to the Circuit Court of the United States for the Northern District of Ohio.

The facts are stated in the opinion of the court.

*Mr. James Mason, Mr. Samuel Shellabarger,* and *Mr. Jeremiah M. Wilson* for the plaintiff in error.

*The Solicitor-General, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

This action was brought by the Lake Shore and Michigan Southern Railroad Company. A demurrer to its petition was sustained by the court below, and judgment was given for the defendant. We must, therefore, look to the petition for the point to be decided. The facts well pleaded are to be taken as true. The case made by the petition is as follows: —

The plaintiff was bound to pay the interest upon certain bonds. The interest accruing from the 1st of January to the 1st of July, 1870, amounting to $185,500, matured upon the latter day, and within ten days from that time were paid to the bondholders respectively. Neither five per cent nor any other sum was withheld on account of taxes. On the 14th of July, 1870, Rose, the proper internal revenue officer of the United States, assessed against the plaintiff the sum of $9,279.50 as a tax of five per cent upon the amount so paid over to the bondholders. Payment was compelled by the seizure of property. The amount of the tax paid to the collector is alleged to have been exacted without warrant of law, and this suit was instituted to recover it back.

The question presented for our determination is whether the imposition of this tax was warranted by law. We think it was.

The tax was levied under sect. 122 of the act of June 30, 1864, 13 Stat. 284, as amended by the act of July 13, 1866, 14 Stat. 138, and amended finally by the act of July 14, 1870, sect. 17, 16 Stat. 261. The purport of the amendment last mentioned was to give continuity to sect. 122, and other sections named, of the act of 1864, as amended, until the 1st of August, 1870, the taxes imposed by all those sections then to cease. The tax specified in sect. 122 was levied upon railroad, canal, turnpike, canal navigation, and slack-water companies. The section did not include the tax upon the income of individuals. That was provided for always in other separate and distinct sections. Sect. 122, as amended, was in force when the act of 1870 was passed, and, without further legislation, would have continued in force indefinitely, unless there was a previous limit to its duration imposed by the act of March 2, 1867, 14 Stat. 480. After a careful examination of the subject, we are of the opinion that this limitation in the act of 1867 had not, and was not intended to have, any effect upon sect. 122, as amended; and that it applies exclusively to the tax upon the income of individuals. Nothing else was within its scope. It was confined to that subject. This limitation was not in the original internal revenue act of Aug. 5, 1861, 12 Stat. 292, although that act imposed the income tax.

The limitation appeared first in the act of July 1, 1862, 12 Stat. 474, sect. 92. It appeared again successively in the act of June 30, 1864, 13 Stat. 283, sect. 119; in the act of June 13, 1866, 14 Stat. 138; and in the act of March 2, 1867, 14 Stat. 480. In all these instances, the collocation of the provision and the context which precedes it, and that which follows as well, show, with a clearness approaching to a demonstration, that the construction we have given to it is the proper one. The subject was exhaustively examined in the concurring opinion in *Stockdale* v. *Insurance Companies*, 20 Wall. 333, and, as a consequence, the conclusion was reached to which we have come. It would be a waste of time to reproduce any thing said in that opinion. It is sufficient for our purpose to refer to the

argument there to be found. If this view be correct, it is conclusive of the case.

But conceding, for the purposes of this opinion, that we are in error upon the point we have considered, and that the limitation did terminate the tax prescribed in sect. 122, and in the other sections specified in the seventeenth section of the act of 1870, then it is clear that the section last named revived the sections therein named, including sect. 122, and gave them the same effect down to the 1st of August, 1870, in all respects as if those sections had not been intermediately suspended or abrogated.

This proposition is maintained, and every objection taken to it elaborately considered and answered, by the opinion of this court in *Stockdale* v. *Insurance Companies,* 20 Wall. 328, before referred to. We are entirely satisfied with respect to the soundness of that judgment, and feel no disposition to reexamine the grounds upon which it was placed.

This, also, is conclusive of the present controversy.

*Judgment affirmed.*