MILLIKEN ET AL., EXECUTORS, *v.* UNITED
STATES.

No. 87.   Argued January 29, 1931.—Decided March 2, 1931.

*Mr. D. A. Embury,* with whom *Mr. Hugo Kohlmann*
was on the brief, for petitioners.

16

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher* and *Messrs. Claude R. Branch,* Special Assistant to the Attorney General, *Fred K. Dyar, Bradley B. Gilman,* and *Erwin N. Griswold* were on the brief, for the United States.

18

MR. JUSTICE STONE delivered the opinion of the Court.

In this case certiorari was granted, 282 U. S. 817, to review a judgment of the Court of Claims denying to petitioners recovery of a tax alleged to have been illegally exacted under the decedents' estates provisions of the Revenue Act of 1918. 38 F. (2d) 381; Act of February 24, 1919, c. 18, 40 Stat. 1057, 1096, 1097, 1149, 1150.

In December, 1916, while the Revenue Act of that year was in force (Act of Sept. 8, 1916, c. 463, 39 Stat. 756, 777), petitioners' decedent gave to his children certain shares of corporate stock. The donor died March 5, 1920,

after the effective date of the 1918 Act. The Commissioner included the shares of stock in the decedent's estate as a gift made in contemplation of death, § 402 (c) of the 1918 Act, and assessed and collected the tax now in suit, which was computed on the basis of the value of the stock at the time of decedent's death, and at the rates in the 1918 Act, which were higher than those fixed by the corresponding provisions of the Act of 1916.

Section 401 of the 1918 Act imposed taxes at specified rates upon transfers of estates by decedents. Under § 403, the taxable estate was the " gross estate " less enumerated deductions. Section 402 provided for the inclusion in the gross estate of the value of property "(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this act) . . ." The Act of 1916, §§ 201, 202 (b), which had contained similar provisions for the taxing of decedents' estates, including gifts in contemplation of death, but at lower rates, was repealed, with provisos not now material, by § 1400 of the 1918 Act.

The finding of the Commissioner that the present gift was in contemplation of death is not questioned by petitioners, and is controlling here since it is not challenged by any facts appearing of record. *Niles Bement Pond Co.* v. *United States*, 281 U. S. 357, 361; *Burnet* v. *Sanford & Brooks Co.*, 282 U. S. 359. Although antedating the enactment of § 402, the gift is embraced within its provisions, which are in terms applicable to gifts in contemplation of death made before the passage of the Act.

Petitioners' argument that § 402 does not apply is not supported by their citations of *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339, and *May* v. *Heiner*, 281 U. S. 238. In

those cases the gifts *inter vivos* were not "in contemplation of death," and the only relevant question was one of construction, whether some of them were of the class intended by Congress to be taxable under § 402 (c) as transfers "intended to take effect in possession or enjoyment at or after death." It was held that they were not. But those gifts were not of the class now involved, gifts in contemplation of death, made before the passage of the Act, which are expressly named by § 402 (c) as subject to its provisions.

This Court has not passed directly on the constitutionality of the federal taxation of gifts made in contemplation of death. But taxation of transfers at death has been upheld, *Knowlton* v. *Moore,* 178 U. S. 41, as has, more recently, the taxation of gifts *inter vivos, Bromley* v. *McCaughn,* 280 U. S. 124; and we hold, as this Court has several times intimated, that the inclusion of this type of gifts in a single class with decedents' estates to secure equality of taxation, and prevent evasion of estate taxes, is a permissible classification of an appropriate subject of taxation. See *Nichols* v. *Coolidge,* 274 U. S. 531, 542; *Tyler* v. *United States,* 281 U. S. 497, 505; *Corliss* v. *Bowers,* 281 U. S. 376, 378; *Taft* v. *Bowers,* 278 U. S. 470, 482; cf. *Schlesinger* v. *Wisconsin,* 270 U. S. 230, 239.

The objection to the tax chiefly urged in brief and argument, is that the taxing statute, as applied, is a denial of due process of law because retroactive. It is said that the statute is invalid not alone because it reaches a gift made before its enactment, but because it measures the tax by rates not in force when the gift was made, applied to the value of the property not when given, but at the uncertain later time of the death of the donor.

This Court has held the taxation of gifts made, and completely vested beyond recall, before the passage of any statute taxing them, to be so palpably arbitrary and un-

reasonable as to infringe the due process clause. *Nichols v. Coolidge, supra; Untermyer v. Anderson,* 276 U. S. 440; *Coolidge v. Long,* 282 U. S. 582.[1]  In *Nichols v. Coolidge* it was held that § 402 of the 1918 Act could not constitutionally be applied to a gift *inter vivos,* not in contemplation of death, and made long before the adoption of any congressional legislation imposing an estate tax or taxing gifts to take effect 'in possession or enjoyment at or after death.  In *Untermyer v. Anderson, supra,* it was held that the retroactive provision of the novel gift tax of the Revenue Act of 1924 was invalid as applied to gifts antedating the Act.  In both the point was stressed, as the basis of decision, that the nature and amount of the tax burden imposed could not have been understood and foreseen by the taxpayer at the time of the particular voluntary act which was made the occasion of the tax. See *Nichols v. Coolidge, supra,* p. 542; *Untermyer v. Anderson, supra,* p. 445.  Upon similar grounds, in *Coolidge v. Long, supra,* a state tax on successions was held invalid as applied to the gift to the donor's children involved in *Nichols v. Coolidge, supra,* because deemed to be a tax on a succession to a gift completely vested before the enactment of the taxing act or of any other law taxing successions by lineal descendants of the donor.

But a tax is not necessarily and certainly arbitrary and therefore invalid because retroactively applied, and taxing acts having retroactive features have been upheld in view of the particular circumstances disclosed and considered by the Court.   See *Stockdale v. Insurance Companies,* 20 Wall. 323, 331; *Railroad Co. v. Rose,* 95 U. S. 78, 80; *Railroad Co. v. United States,* 101 U. S. 543, 549; *Flint v. Stone Tracy Co.,* 220 U. S. 107; *Billings v. United States,* 232 U. S. 261, 282; *Brushaber v. Union Pacific R. Co.,*

---

[1] In *Blodgett v. Holden,* 275 U. S. 142, four of the justices thought the taxing statute inapplicable; and four that it applied, but was unconstitutional because retroactive.

240 U. S. 1, 20; *Lynch* v. *Hornby*, 247 U. S. 339, 343; *Hecht* v. *Malley*, 265 U. S. 144, 164; *Cooper* v. *United States*, 280 U. S. 409.   See *Taft* v. *Bowers, supra; United States* v. *Heinszen*, 206 U. S. 370; *Graham* v. *Goodcell*, 282 U. S. 409.

Hence, in challenging the present tax it does not suffice to say that the gift antedated the statute.   It is necessary to consider the nature of the tax and of the decedent's gift.   When the gift was made it was subject to the provisions of the 1916 Revenue Act.   By it, Congress had adopted the well understood system of taxation of transfers of property at death, already in force in forty-two states.   Report No. 793, Senate Committee on Finance; Report No. 922, House Committee on Ways and Means; both on H. R. No. 16763, Sixty-fourth Congress.   A characteristic feature of the system was that incorporated in §§ 202 (b) of the 1916 Act and 402 (c) of the 1918 Act, both of which imposed a tax on gifts made in contemplation of death, computed at the same value and rate as though the property given had been a part of the donor's estate passing at death.[2]

While we need not attempt at this time to define with precision gifts in contemplation of death, their characteristic features have been sufficiently indicated by the various treasury regulations dealing with the subject.   Regu-

---

[2] In 1916, twenty-nine states and one territory imposed taxes on gifts in contemplation of death at the same rate as on estates passing at death.   They were Arizona, Arkansas, California, Colorado, Connecticut, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New York, North Dakota, Oklahoma, Oregon, South Dakota, Tennessee, Utah, Washington, West Virginia, Wisconsin, Wyoming, and Hawaii.   Most of these provided for appraisal of the value of the property as of the date of decedent's death; but a few (Indiana, Kansas, and Wisconsin) provided for valuation as of the date of transfer.   The statutes are collected in Gleason and Otis, Inheritance Taxation (1st ed.).

lation 37 under the 1918 Act (Revised Aug. 8, 1919) is typical. It provides (Art. 23): " The words ' in contemplation of death ' do not refer to the general expectation of death which all persons entertain. A transfer, however, is made in contemplation of death wherever the person making it is influenced to do so by such an expectation of death, arising from bodily or mental conditions, as prompts persons to dispose of their property to those whom they deem proper objects of their bounty."

It is sufficient for present purposes, that such gifts are motivated by the same considerations as lead to testamentary dispositions of property, and made as substitutes for such dispositions without awaiting death, when transfers by will or inheritance become effective. Underlying the present statute is the policy of taxing such gifts equally with testamentary dispositions, for which they may be substituted, and the prevention of the evasion of estate taxes by gifts made before, but in contemplation of, death. It is thus an enactment in aid of, and an integral part of, the legislative scheme of taxation of transfers at death. Decedent's gift as a substitute for a testamentary disposition was thus brought within the operation of the 1916 Act taxing such gifts on the same basis, with respect to rate and valuation, as transfers of property at death. Not only was the decedent left in no uncertainty that the gift he was then making was subject to the provisions of the existing statute, but in view of its well understood purpose he should be regarded as taking his chances of any increase in the tax burden which might result from carrying out the established policy of taxation under which substitutes for testamentary gifts were classed and taxed with them.

The reasonableness of the present application of the increased rate of tax of the 1918 Act must be determined in the light of the legislative policy which the 1916 Act had established before the gift was made. Obviously that

policy would be set at naught if gifts made in contemplation of death, after the 1916 Act, were to be taxed more favorably than transfers from the donor occurring at and by reason of his death. As was apparent when the 1916 Act was adopted, that policy could be made effective only if gifts made in contemplation of death, while that Act was in force, were to be subject at the donor's death to such rate as might at the time of that event be applicable to the transfer of the donor's estate. The decedent, when he made his gift, was as well warned that it might be taxed on that basis as he was that it would be so taxed if on that day he had made the same disposition of it by will. A change in the rate applicable to transfers at death necessitates a corresponding change in the rate applicable to gifts made in contemplation of death, else the purpose in taxing the latter would not be attained. That purpose, as already indicated, was to put such gifts on the same plane as testamentary disposals.

Only a word need be said of the suggestion that the application of § 402 (c) to gifts made while the 1916 Act was in force destroys the character of the tax as one on privileges, and so renders it invalid as an unapportioned direct tax forbidden by §§ 2 and 9 of Article I of the Constitution. See *Levy* v. *Wardell,* 258 U. S. 542, 545. The present gift was subject to the excise when made; and for reasons already indicated, we think a mere increase in the tax, pursuant to a policy of which the donor was forewarned at the time he elected to exercise the privilege, did not change its character. See *Hecht* v. *Malley, supra,* p. 164. Further, as an appropriate and indeed necessary measure to secure the effective administration of a system of death taxes, we think the present tax is to be supported as an incident and in aid of the exercise of the constitutional power to levy a tax on the transfer of the decedent's estate at death. See *Purity Extract Co.* v. *Lynch,* 226

U. S. 192; *Jacob Ruppert* v. *Caffey,* 251 U. S. 264; *Lambert* v. *Yellowley,* 272 U. S. 581.                    *Affirmed.*