JOHN S. GARVAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20558. Promulgated June 19, 1931.

*Edward T. Canfield, Esq.*, for the petitioner.
*J. G. Gibbs, Esq.*, for the respondent.

OPINION.

ARUNDELL: In order for the petitioner to prevail he must establish that the transaction set forth in the findings of fact constituted a nontaxable exchange of stock for stock under the provisions of

section 202 (c) (1) of the 1921 Act,[1] and, further, that that act and section, as amended on March 4, 1923,[2] effective January 1, 1923, is unconstitutional because of its retroactive feature.

We think that the constitutional challenge is without merit. Every income-taxing act, beginning with the Revenue Act of 1913, and including the War Revenue Act of 1918, has provided for the taxation of income realized from transactions that took place before the passage of the act. The Revenue Act of 1913 was attacked on this very ground and in the case of *Brushaber* v. *Union Pacific R. R. Co.*, 240 U. S. 1, the Supreme Court held the contention to be without merit. See *Flint* v. *Stone Tracy Co.*, 220 U. S. 107; *Lynch* v. *Hornby*, 247 U. S. 339; *Graham* v. *Goodcell*, 282 U. S. 409; *Milliken* v. *United States*, 283 U. S. 15.

We think that the petitioner is equally wrong in his construction of the facts. What has taken place here is an outright sale and purchase and not an exchange. Petitioner has sold Consolidated Gas and purchased Brooklyn Edison. The brokerage firm selected the times for the sales and purchases of the stock; determined the quantity to be sold and bought with a view of not disturbing the market, and otherwise handled the transaction as a sale or purchase order would ordinarily be executed by a stockbroker. In no case did the firm know the purchaser of petitioner's stock or the seller of the Brooklyn Edison Company stock, and it does not appear that in any instance the owner of any of the Brooklyn Edison Company stock acquired any part of the Consolidated Gas Company stock. In no case was there any bargaining as to values and boot money, such as is ordinarily done in conducting an exchange of property for property. The buyers and sellers of the stocks involved here were unknown to each other and for that reason none of them could have honestly entertained the idea that they were a party to an exchange as that word is generally used.

---

[1](c) For the purposes of this title, on an exchange of property, real personal or mixed, for any other such property, no gain or loss shall be recognized unless the property received in exchange has a readily realizable market value; but even if the property received in exchange has a readily realizable market value, no gain or loss shall be recognized—

(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale), is exchanged for property of a like kind or use;

[2] Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That paragraph (1) of subdivision (c) of section 202 of the Revenue Act of 1921 is amended, to take effect January 1, 1923, to read as follows:

"(1) When any such property held for investment, or for productive use in trade or business (not including stock-in-trade or other property held primarily for sale, and in the case of property held for investment not including stock, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest), is exchanged for property of a like kind or use."

Petitioner characterized the whole transaction as an exchange. Where the form and substance of a deal is opposed to the term one of the parties thereto saw fit to use to describe it, the terminology used has but little weight.

The case of *Ralph Andrew Applegate, Executor*, 10 B. T. A. 705, relied upon by petitioner, involved different facts and does not control the decision here.

*Decision will be entered for the respondent.*