PHOENIX OIL PRODUCTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43436. Promulgated April 22, 1932.

*Charles W. Friend* for the petitioner.
*F. B. Schlosser, Esq.,* for the respondent.

#### OPINION.

ARUNDELL: The respondent determined deficiencies in income tax for the years 1925 and 1926 in the respective amounts of $200.23 and $172.52. These deficiencies result from the disallowance of a portion of the depletion deductions computed by petitioner on a discovery valuation and claimed in its returns. The question for decision is whether the respondent erred in rejecting the discovery valuation as a basis of computation.

The facts were stipulated, and we incorporate herein, by reference, the stipulation filed as our findings of fact. A brief summary of the facts will suffice for the purposes of this opinion.

Since its incorporation in 1918 petitioner has been the owner of fractional interests in oil-producing properties and its principal income has consisted of royalties from the operation of those properties.

In determining petitioner's net income for the years prior to 1925 respondent allowed depletion deductions based on discovery values. The information upon which the allowances were made was obtained from a " Form O " filed by petitioner and accepted by respondent.

In determining the depletion allowable for the years 1925 and 1926 the respondent gave no effect to the discovery values on which allowances for prior years were predicated, but allowed depletion deductions representing 27½ per cent of the gross income from the properties where such amounts were not in excess of 50 per cent of the net income (computed without allowances for depletion) from the properties, under section 204(c)(2) of the Revenue Act of 1926. The

deductions allowed by respondent were $2,967.32 for 1925 and $2,549.43 for 1926.

On these facts petitioner claims that respondent erred in refusing to compute depletion on the discovery basis. The statute involved is the Revenue Act of 1926 and particularly certain sections of Title II thereof, which title, excepting certain immaterial sections, is made effective as of January 1, 1925, by section 286. Section 204(a) lays down the primary basis for determining gain or loss in providing that with respect to property acquired after February 28, 1913, the basis shall be cost. Section 204(c) provides that the basis for depletion shall be the same as for gain or loss, i. e., cost, except that:

(2) In the case of oil and gas wells the allowance for depletion shall be 27½ per centum of the gross income from the property during the taxable year. Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property, except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph.

Following the enactment of the Revenue Act of 1926 the respondent promulgated ruling I. T. 2278, C. B. V-1, p. 65, holding in part that: " Discovery is not considered in computing depletion of oil and gas wells under the Revenue Act of 1926."

Petitioner attacks this ruling as being legislative in nature and an attempted exercise by the respondent of powers vested solely in Congress. It seems to us clear from a reading of section 204(c) (2) of the 1926 Act that the respondent's ruling does not go beyond the scope of its terms. A brief study of the prior revenue acts and the legislative history of the Act of 1926 shows beyond doubt that Congress intended that discovery basis should not be used in allowing depletion deductions under the 1926 Act. In each of the Revenue Acts of 1918, 1921 and 1924, specific provision was made for depletion allowances in the case of oil and gas wells based on discovery value. In the Revenue Act of 1926 discovery valuation as a depletion basis was retained with respect to mines, but as to oil and gas wells a separate provision (sec. 204(c) (2), supra) was enacted. In the consideration of the Revenue Bill of 1926 it was pointed out by the Senate Committee on Finance (Rept. No. 52, 69th Cong., 1st sess., pp. 17, 18) that:

The administration of the discovery provision of existing law in the case of oil and gas wells has been very difficult because of the discovery valuation that had to be made in the case of each discovered well. In the interest of simplicity and certainty in administration your committee recommends that in the case of oil and gas wells the allowance for depletion shall be 25 per cent of the gross income from the property during the taxable year. The provision of existing law limiting this amount to an amount not in excess of 50 per cent of the net income of the taxpayer from the property is retained.

In conference between the House and Senate Committees the 25 per cent rate referred to above was changed to 27½ per cent. In the case of *Darby-Lynde Co.* v. *Alexander*, 51 Fed. (2d) 56, the court, after referring to the depletion provisions of the Revenue Acts of 1921 and 1924, said that:

When Congress wrote the provision for depletion allowance in the case of oil and gas wells in the Revenue Act of 1926, it departed from the discovery value basis because of the difficulty of administration.

From this brief review it is obvious that the respondent's ruling above quoted does not go beyond the intent of Congress as expressed in the Revenue Act of 1926.

Petitioner contends that it filed its "Form O" with the express understanding that the schedules of depletion contained therein would be used for computing depletion during the entire life of petitioner's leases. A brief answer will do for this, namely, that there is no evidence of any agreement as to what extent "Form O" was to be used in computing depletion. Moreover, as contended by petitioner under the first point of its argument, the allowance of depletion is a legislative function, and it was beyond the power of the respondent to prescribe what depletion would be allowed in future years. Deductions for depletion may not be taken as a matter of right, but are allowable only by grant of Congress (*Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503; *Burnet* v. *Thompson Oil & Gas Co.*, 283 U. S. 301) and we are not aware of anything that would prevent Congress from changing the amount or the basis from year to year.

Petitioner's argument that the change of basis is invalid because retroactive is without merit. The change of method in computing depletion destroyed no vested rights of petitioner and the revenue act can not be said to be invalid on that ground. Cf. *Graham* v. *Goodcell*, 282 U. S. 409. Statutes effecting retroactive increases in rates of tax are not for that reason invalid (*Milliken* v. *United States*, 283 U. S. 15), and certainly a mere change in the method of computing a deduction allowable only as a special grant is not so arbitrary as to place the statute outside the constitutional powers of Congress in levying taxes.

It is also claimed by petitioner that the last sentence of section 204 (c) (2) of the 1926 Act makes it mandatory for respondent to compute depletion on the discovery basis. The sentence referred to reads: "Except that in no case shall the depletion allowance be less than it would be if computed without reference to this paragraph." Petitioner argues that when a taxpayer comes within this exception—that is, when depletion under the percentage of income basis is less than under the discovery basis—section 204 (c) (2) vanishes and the

taxpayer stands in the same position as though that section had never been enacted. We do not construe the quoted provision in that way. We take it to mean simply that the depletion allowance computed on the percentage of income basis shall not be less than the allowance computed on the ·basis of cost, which, as stated above, is the primary basis. If petitioner's contentions were sound it would be left without any basis at all inasmuch as the provision allowing discovery basis in the Revenue Act of 1924 was repealed as of January 1, 1925, upon the enactment of the Revenue Act of 1926. See section 1200 (a), Revenue Act of 1926.

*Decision will be entered for the respondent.*