## HUDSON v. UNITED STATES.
### No. 42828.

Court of Claims.
March 2, 1936.

Bernhard Knollenberg, of New York City (Herbert Brownell, Jr., and Lord, Day & Lord, all of New York City, on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen. (Alanson W. Willcox, of New York City, and Loren P. Oakes, of Chicago, Ill., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

In the motion for new trial filed by defendant it is argued that the opinion of the court has placed the decision in a large measure upon the date of the purchase rather than the date of the transfer, but it was not intended by what was said in the opinion to make the date of purchase controlling. Such a rule would render an ordinary sales tax invalid as to articles that had been purchased prior to its enactment. The fact that at the time of the purchase of the silver the plaintiff had not received the slightest intimation that such a tax would be enacted is one of the circumstances of the case which bears on the question of whether the tax, like the retroactive gift tax considered in Untermyer v. Anderson, 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645, is arbitrary and invalid under the due process clause of the Fifth Amendment.

In Milliken v. United States, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809, the gift tax of the Revenue Act of 1924 was characterized as "novel." It was indeed an innovation, no such tax ever having been imposed before in this or any other country, although it was subsequently adopted by some other nations. The tax now under consideration was also novel. It was neither an income tax nor an ordinary sales or excise tax. No such tax had been levied before in the United States nor so far as we can find, in any country. It applied only to a particular kind of transactions and imposed a very heavy tax upon any profits that might be derived therefrom without any reference to other income or losses on the part of the taxpayer. In Untermyer v. Anderson, supra, a tax upon gifts made prior to the passage of the act imposing it was held so palpably arbitrary and unreasonable as to infringe the due process clause of the Constitution, notwithstanding the fact that the bill imposing the tax was introduced before the gifts were made. This case disposes of the contention that the tax under consideration was valid because the President had recommended it in a message presented to Congress before the sales were made upon which the tax was assessed. The mere fact that the tax was retroactive does not by itself and alone render it invalid, but the tax was so novel and, we might say, extraordinary, that the rules laid down in Untermyer v. Anderson, supra, and Milliken v. United States, supra, apply; and, under all the circumstances, its assessment against plaintiff must be held invalid. In connection with the tax it will also be observed that it manifestly was not levied for the purpose of obtaining revenue but for the purpose of putting a stop to certain transactions which in themselves were perfectly legal.

The motion for new trial will be overruled. It is so ordered.