HAMMOND v. WESTOVER.

No. 12031.

United States District Court
S. D. California, Central Division.

Feb. 23, 1951.

Hill, Farrer & Burrill and Carl A. Stutsman, Jr., all of Los Angeles, Cal., for plaintiff.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell, Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank Mahoney, Sp. Atty. Bureau of Internal Revenue, all of Los Angeles, Cal., for defendant.

YANKWICH, District Judge.

The above-entitled cause, heretofore tried, argued and submitted, is hereby decided as follows:

(1) Judgment will be for the plaintiff as prayed for in the Complaint, the exact amount of the judgment to be computed by counsel according to Local Rule 7(b).

(2) Judgment will be for the Defendant on the Complaint of the Government for intervention that plaintiff take nothing.

Findings and judgment to be prepared by counsel for the plaintiff according to Local Rule 7.

### Comment

The uncontradicted testimony and the legitimate inferences to be drawn from it leads to the inevitable conclusion that the property transferred by the decedent, on which the assessment sought to be recovered was made, was not a transfer in contemplation of death, taxable under Section 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c).

The object of this section and those which preceded it is to reach "a substitute for a testamentary disposition". Milliken v. United States, 1931, 283 U.S. 15, 23, 51 S.Ct. 324, 327, 75 L.Ed. 809; United States v. Wells, 1931, 283 U.S. 102, 116–117, 51 S.Ct. 446, 75 L.Ed. 867. And the test which these and subsequent cases laid down is that to constitute a transfer in contemplation of death, the thought of death must be "the impelling motive". City Bank Farmers Trust Co. v. McGowan, 1945, 323 U.S. 594, 599, 65 S.Ct. 496, 89 L.Ed. 483; Allen v. Trust Co. of Georgia, 1946, 326 U.S. 630, 635, 66 S.Ct. 389, 90 L.Ed. 367.

Granted that a transfer within the statutory period raises the presumption that it was made in contemplation of death, and throws the burden on the executor to show the contrary,—First Trust & Deposit Co. v. Shaughnessy, 2 Cir., 1943, 134 F.2d 940,—the evidence offered in this case, which was not contradicted by any witnesses on the part of the Government, shows clearly that the decedent was not moved by the thought of death to make the transfer.

Rather was he motivated by the insistance of the wife, who, under California law, was the joint owner of the community property, to transfer to her name an amount that would protect her against the collapse of business ventures which she thought might endanger the security which years of joint effort had brought about.

Testimony, both lay and medical, confirms the view that at the time the decedent was not concerned about his health, was making plans for hunting trips. We cannot transfer to him the concern which his wife may have had. For it is the state of mind of the donor which determines the character of the transfer.

One cannot blame the Internal Revenue Department for questioning a transfer which preceded death by so short a time. But that in itself means little

when, as shown, the thought of death never entered the mind of the donor as "the impelling motive" of the transfer.

As said by the Court in the Wells case, "the mere fact that death ensues *even shortly* after the gift does not determine absolutely that it is in contemplation of death". United States v. Wells, supra, 283 U.S. at page 117, 51 S.Ct. at page 451. (Emphasis added.)

Hence the ruling above made.