**AMERICAN TRUST COMPANY, a California banking corporation, as Executor of the Last Will and Testament of Augusta W. Lachmund, deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 37137.**

United States District Court
N. D. California, S. D.

Aug. 18, 1959.

Henry C. Clausen, San Francisco, Cal., for plaintiff.

Lynn J. Gillard, U. S. Atty., Marvin D. Morgenstein, Asst. U. S. Atty., San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, the estate representative of Augusta Lachmund, seeks to recover the tax assessed on a sum in excess of $100,-000, representing a transfer by decedent in trust for her husband, November 6, 1952, some sixteen months prior to her allegedly unexpected death in 1954. Remainder beneficiaries under the trust were decedent's daughter and grandchildren.

The sole question before the Court is whether the transfer, made within three years of decedent's death, was made in contemplation of death. If the answer is in the affirmative, the tax is a correct one. But if decedent's motive, in the light of her age, physical and mental condition, and the circumstances of the gift show a lifetime motivation, then plaintiff is entitled to recover the tax assessed.

Through a series of witnesses, plaintiff established a convincing pattern of proof, in meeting the statutory presumption upon which the Government relies. The Government called no witnesses.

The late Mrs. Lachmund, who was an eminent singer and opera star, traveled a great deal during the last ten years of her life with her husband, a retired attorney. Her travels, ranging from Africa to Europe, were strenuous. Even more taxing were her hiking activities in the Sierra Nevadas and in Marin County. These, together with a robust life in her garden at her Los Gatos home, continued up to the date of her death. The record shows that she spent the morning gardening on the very day she died.

Decedent was a wealthy woman in her own right, having inherited substantial property from her father. Her husband also enjoyed large investments, though somewhat smaller than those of his wife. The gift which has been challenged in this case tended to equalize the holdings of the couple. Plaintiff contends it was made so that decedent's husband would retire completely from his law practice and still be in a position to afford travel. Defendant answers that the couple had

begun their travels before the gift was made, that the husband had retired as a practical matter from his legal profession, and that decedent's poor health was the dominant motive in leading to the transfer.

Medical testimony establishes that Mrs. Lachmund was an exuberant, happy and active person who had been advised, but perhaps not seriously enough, to reduce her physical activities. She suffered from a heart condition which apparently bothered her on only one occasion. Even then she received no medication and was not hospitalized. Her doctors knew that she hiked, having accompanied her on several occasions. Her death at sixty-four would appear to have been unexpected by her doctors, as well as decedent.

Mr. Lachmund, whose hearing and sight were both poor and whose memory was slipping, was the logical subject of his wife's beneficence. If the couple had commenced their travels before the gift, they certainly continued them afterwards, as Mr. Lachmund abandoned his law practice. The additional wealth would not only enable the husband to bear his full share of the travel costs but would also equalize the income of both members of the couple and thus reduce their income tax.

A review of the life led by decedent and the plans she had for the future, together with the sudden nature of her death when she was preparing a new apartment in San Francisco, would indicate that lifetime reasons motivated her when she made her gift in 1952.

The test of contemplation of death as set forth in United States v. Wells, 283 U.S. 102, 51 S.Ct. 446, 75 L.Ed. 867, and as applied in such cases as Gillette's Estate v. C. I. R., 9 Cir., 182 F.2d 1010; Allen v. Trust Co. of Georgia, 326 U.S. 630, 66 S.Ct. 389, 90 L.Ed. 367; and Hammond v. Westover, D.C., 97 F.Supp. 753, establishes the fact that 26 U.S.C.A. § 811(c) is inapplicable to the transfer made by Mrs. Lachmund.

Accordingly, it is ordered that judgment be entered in favor of plaintiff upon preparation of findings of fact, conclusions of law and judgment consistent with this opinion.