Argued September 12, affirmed November 29, 1978

# ROGERS, *Appellant,*
## v.
# DEPARTMENT OF REVENUE, *Respondent.*
## (TC 1128, SC 25576)
587 P2d 91

Harold A. Fabre, Pendleton, argued the cause and submitted a brief for appellant.

Ted E. Barbera, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was James A. Redden, Attorney General, Salem.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

LENT, J.

**LENT, J.**

The issue is whether a 1973 change in the Oregon Gift Tax Law should be applied to a 1974 gift by plaintiff to her adopted son, who was over 21 years of age when adopted in 1972. The Tax Court held that the change should apply, and we agree and affirm.

On October 5, 1973, Oregon Laws 1973, ch 344, § 2, became effective, amending ORS 119.005(2) as follows:

> "(2) Any donee related to the donor by chain of relationship, any step or steps of which are created by legal adoption, shall, for the purposes of this chapter, be considered as related in the same degree as though all steps in the relationship were by natural blood; *however, if the adopted person was 21 years of age or more at the time of the adoption, any transfer of property within three years after the adoption shall be subject to tax under subsection (3) or (4) of ORS 119.061, as though such adoption had not taken place, and the annual exclusion under ORS 119.031 shall be computed during such three-year period as though the adoption had not taken place.*" (Emphasis added to new matter)[1]

On May 8, 1972, plaintiff adopted her nephew, who was then over 21 years of age. The 1973 amendment provides that if an adopted person was 21 years of age or more at the time of his adoption, any transfer of property to him within three years after adoption was made is subject to additional or collateral gift tax. The gift here was made on November 14, 1974, which was after the effective date of the amendment but within the three-year period after the adoption.

Plaintiff acknowledged liability for tax as upon a gift to a child. Defendant determined and assessed a gift tax deficiency, in effect ruling that the gift was to be taxed "as though the adoption had not taken place." This suit followed, and defendant prevailed in the

---

[1]The law was again changed by the 1977 legislature, but the change is not pertinent to this case. See Oregon Laws 1977, ch 666.

Oregon Tax Court. Plaintiff appeals. There is no dispute as to the essential facts, and the issue is one of law.

At the outset of her brief in the court, plaintiff contends that the 1973 amendment was intended to apply to *adoptions* taking place after the effective date of the amendment and that to apply the amendment in this situation constitutes taking of property without due process of law or would deny plaintiff and the donee the equal privileges and immunities "afforded them under the provisions of the United States Constitution and Amendments thereto."[2] The constitutional challenge is premised upon a contention that the 1973 amendment "retroactively" affected the donee's status in relation to the donor established by the 1972 adoption and the laws pertaining to adoption then in effect. Since we find the premise to be false, the constitutional challenge fails.

At the time of the adoption pertinent statutes provided:

"The effect of a decree of adoption * * * shall be that the relationship, rights and obligations between an adopted person and [his adoptive parents] * * * shall be the same to all legal intents and purposes * * * as if the adopted person had been born in lawful wedlock to his adoptive parents * * *." ORS 109.041(1).

"An adopted child bears the same relation to his adoptive parents * * * in every respect pertaining to the relation of parent and child as he would if he were the natural child of such parents." ORS 109.050.

"* * * from the date of the decree the child, to all legal intents and purposes, is the child of the [adoptive parent]." ORS 109.350.

"After the expiration of one year from the entry of a decree of adoption in this state the validity of the

<hr>

[2]Neither party's brief sets forth the *text* of the allegedly relevant provisions of the United States Constitution. We have noted our disapproval of "this type of generalized constitutional attack without reference to specific textual provisions." *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 594, n.2, 581 P2d 50, 52 (1978); however, both parties filed their briefs herein prior to the publication of *Fifth Avenue.*

[ 412 ]

adoption shall be binding on all persons, and it shall be conclusively presumed * * * that the child became the lawful child of the adoptive parents or parent at the time when the decree of adoption was rendered, all irrespective of jurisdictional or other defects in the adoption proceeding; after the expiration of such one-year period no one may question the validity of the adoption for any reason, either through collateral or direct proceedings, and all persons shall be bound thereby; * * *" ORS 109.381(3).

The 1973 amendment does not change any "relationship, rights and obligations *between*" (emphasis added) this donee and donor, and the relationship, rights and obligations *between* them is the same as though the donee were born in lawful wedlock to the donor. ORS 109.041(1). Only the rights and obligations *between* the donor and the state are affected by the amendment.

■ The 1973 amendment does not change the donee's "relation to his adoptive" parent, and that *relation to his adoptive parent* is the same as if he were the natural child of the donor. ORS 109.050. Only the relation of the donor to the state with respect to the obligation to pay a tax at a certain rate upon certain post-amendment gifts is affected by the amendment.

The 1973 amendment does nothing to destroy the status of the donee as being "to all legal intents and purposes" the child of the donor, ORS 109.350; the amendment does not vitiate the "validity of the adoption," or the conclusive presumption that the donee became the lawful child of the donor; the amendment does not "question the *validity* of the adoption," (emphasis added) and the state is "bound thereby." ORS 109.381(3). Again, only the tax consequences of the post-amendment gift are affected by the amendment.

The 1973 amendment applies only to the gift and not to the adoption. The gift, not the adoption, is the occasion of the tax.

■ Plaintiff relies heavily upon the legislative history of the 1973 amendment. The history makes it quite clear that the defendant, in pursuing amendment of ORS 119.005, sought to deter adoptions where the primary purpose of the adoption was to lessen the impact of gift taxes upon gifts to other than one's natural children. Various ways of amending ORS 119.005 to deter such adoptions were proposed during the course of the measure through the legislative process. It is with the final language of the amendment that we must deal, not with the defendant's motive in seeking amendment. Such motivations may be relevant in determining the effect of a statute when its language is unclear, but that is not the case here.

■ That language of the 1973 amendment does not affect the parent-child relationship of the donor and donee. It simply imposes the rates of "additional or collateral" gift tax to *gifts made after the effective date of the act* in certain circumstances. Those circumstances are that the donee was 21 years of age or over at the time of adoption by the donor and that the gift was made within three years from the date of adoption.

■ If the defendant were seeking to impose the "collateral" tax upon a gift to this donee made and completed after adoption but prior to the effective date of the amendment, the constitutional argument of want of due process might have validity.

> "This Court has held the taxation of gifts made, and completely vested beyond recall, before the passage of any statute taxing them, to be so palpably arbitrary and unreasonable as to infringe the due process clause. *Nichols v. Coolidge, supra; Untermyer v. Anderson,* 276 U.S. 440; *Coolidge v. Long,* 282 U.S. 582. In *Nichols v. Coolidge* it was held that § 402 of the 1918 Act could not constitutionally be applied to a gift *inter vivos,* not in contemplation of death, and made long before the adoption of any congressional legislation imposing an estate tax or taxing gifts to take effect in possession or enjoyment at or after death. In *Untermyer v. Anderson,*

*supra,* it was held that the retroactive provision of the novel gift tax of the Revenue Act of 1924 was invalid as applied to gifts antedating the Act. *In both the point was stressed, as the basis of decision, that the nature and amount of the tax burden imposed could not have been understood and foreseen by the taxpayer at the time of the particular voluntary act which was made the occasion of the tax. * * *"* (Emphasis added and footnote omitted) *Milliken v. United States,* 283 U.S. 15, 20-21 (1931).

Here, at the time of the voluntary act (the making of the gift) which is the occasion of the tax, "the nature and amount of the tax burden imposed" could have been understood and foreseen by the plaintiff. There is no want of due process.

■ As before noted, in addition to her due process contention, plaintiff asserted that imposition of the "collateral" tax would deny her and the donee the equal privileges and immunities afforded under the United States Constitution. Nowhere in her brief does she cite any decision of the United States Supreme Court with respect to that particular contention. Instead, she seems to believe that her contention that the statute is being applied retrospectively establishes the validity of this assertion of unconstitutionality. Our holding, therefore, that the amendment applies only prospectively to gifts made after the amendment, disposes of that constitutional attack.

■ Near the end of her brief plaintiff for the first time offhandedly asserts that the 1973 amendment fails "to treat this adopted child the same as a natural child by blood" and, therefore, is a denial of equal protection of the law. Again, we are directed to no decision of the United States Supreme Court which is pertinent to that argument.[3]

Under our foregoing analysis of the effect of the amendment, we have found no impairment of the

---

[3] Despite the fact that plaintiff relies upon various portions of the United States Constitution, her brief is completely devoid of any citation to any decision of the United States Supreme Court construing the due process, equal protection, or privileges and immunities clauses.

donee's status under the adoption laws. Therefore, the premise of this last argument fails, and the constitutional attack fails with it.

The decree of the Tax Court is affirmed, and defendant shall recover of and from plaintiff statutory costs and disbursements.