Alan N. Charnes Executive Director Colorado Department of Revenue 486 Capitol Annex Bldg. 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Charnes:
This opinion letter is in response to your August 10, 1983 letter in which you inquired whether the federal and state constitutional prohibitions against impairing contractual obligations limit the state's ability to impose sales and use taxes at a rate higher than contemplated in pre-existing building and construction contracts. Your letter referenced the 1983 General Assembly statutory rate changes in sales and use taxes and in the Regional Transportation District tax on sale transactions ("RTD tax"). H.B. 1320, 1983 Colo. Sess. Laws pp. 1518-19, increased the rate of sales and use taxes from three percent to three and one-half percent for the period May 1, 1983, through February 29, 1984. H.B. 1381, 1983 Colo. Sess. Laws p. 1209, increased the rate of RTD tax from one-half percent to six-tenths of one percent. No provision was made in either bill to exempt building contractors or any other persons, groups or classes from the increased statutory tax rates.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
Whether a tax rate change by the General Assembly is violative of constitutional provisions against impairing contractual obligations with regard to preexisting, long term, construction contracts contemplating a lower tax rate?
The imposition of new and additional taxes or a higher tax rate on existing taxes is not prevented by constitutional provisions against impairing contractual obligations.
ANALYSIS
The constitutional issue presented is whether the rights of parties to long term construction contracts contemplating existing sales, use, and RTD tax rates are so vested that later legislative changes in the tax rates are violative of article I, section 10 of the United States Constitution and article II, section 11 of the Colorado Constitution prohibiting the passing of laws "impairing the obligation of contracts."
The "obligation of a contract" is defined as the law or duty which binds the parties to perform their agreements. It is the means provided by law for the enforcement of the contract.Home Building Loan Association v.Blaisdell, 290 U.S. 398, 429 (1934); Alpha Corp.v. Denver-Greeley Valley Irrigation District, 110 Colo. 179,187, 132 P.2d 448, 452 (1943). To have a constitutionally prohibited impairment, the law must act on the contract itself as distinguished from the property which is the subject of the contract. Clement National Bank v. Vermont,231 U.S. 120 (1913).
It is clear here that the bills in issue do not act upon construction contracts, but impose a higher rate of tax upon future transactions of acquiring, using and consuming tangible personal property. Increasing taxation or adding new taxes does not impair the obligation of a contract, although the law, as it existed at the time the contract was made, is a part of the contract. The primary contention made here is that the sales and other transaction taxes cannot apply because the construction contracts outdate the law. The authorities are clearly opposed to such a theory. "The imposition of a new tax, or an increase in the rate of an old one, is one of the usual hazards of business enterprise; seldom, if ever, does such an event impair the obligation of a preexisting contract" John McShain,Inc. v. District of Columbia, 205 F.2d 882, 883 (1953);see also, Tower Plaza Investments, Ltd. v. Dewitt,109 Ariz. 248, 508 P.2d 324 (1973). McPhillips ManufacturingCo. v. Curry, 241 Ala. 366, 2 So.2d 600 (1941).
Changes in the rate of tax have historically been upheld as constitutional although attacked as violating other constitutional guarantees. United States v.Darusmont, 449 U.S. 292 (1981); Welch v. Henry,305 U.S. 134 (1938); Milliken v. United States,283 U.S. 15 (1931). See also, Estate ofCeppi v. Commissioner, 698 F.2d 17 (1st Cir. 1983),cert. denied, 103 S.Ct. 3088 (1983). The underlying rationale for upholding the taxing power although possibly infringing upon other vested rights, is that:
 taxation is neither a penalty imposed on the taxpayer nor a liability which he assumes by contract. It is but a way of apportioning the cost of government among those who in some measure are privileged to enjoy its benefits and must bear its burdens.
Welch v. Henry, 305 U.S. at 146, 147.
The Supreme Court long ago observed: "One whose rights, such as they are, are subject to state restriction, cannot remove them from the power of the State by making a contract about them."Hudson Water Co. v. McCarter, 209 U.S. 349, 357 (1908).See also, Energy Reserves Group, Inc. v. KansasPower Light Co., 103 S.Ct. 697, 705 (1983).
Because "nobody has a vested right in the rate of taxation,"Cohan v. Commissioner, 39 F.2d 540, 545 (2nd Cir. 1936), it is generally recognized that contracts are in subordination to the taxing power of the state. ClementNational Bank v. Vermont, supra; Tower PlazaInvestments, Ltd. v. Dewitt, supra; McPhillipsManufacturing Co. v. Curry, supra.
The General Assembly levied a higher tax rate on taxable transactions occurring after the enactment of the levy. No specific provision was set forth in either bill providing for an exemption to parties involved in pre-existing contracts or any other persons or entities. The bills must be given the effect their terms closely state and the persons affected must proceed to pay taxes in conformity with their provisions.
SUMMARY
The General Assembly, in its proper function of apportioning the cost of government and providing adequate funds for state purposes, may change the rate of existing taxes. Such legislative change is held not to be violative of the constitutional provisions against impairing contractual obligations.
The Colorado General Assembly has sought a legitimate end, that is, an increase in the sales, use and RTD tax rates imposed on future transactions, and the measures it took were reasonable and appropriate to that end. The statutory changes in the sales, use, and RTD tax rates do not cause a constitutionally prohibited impairment on the obligation of pre-existing construction contracts.
Very truly yours,
 DUANE WOODARD Attorney General
CONTRACTS CONSTITUTIONS TAXATION AND REVENUE
Colo. Constitution, art. II, § 11
REVENUE, DEPT. OF
Statutory increases in the rate of existing sales and use taxes, imposed on future taxable transactions, do not cause a constitutionally prohibited impairment on the obligation of pre-existing construction contracts between nongovernment parties.