Submitted on cross-motions for Summary Judgment.
Decision for plaintiff rendered October 29, 1985.
This case is before the court on cross-motions for summary judgment filed by each of the parties. The essential facts are not in dispute and present a single legal issue.
In 1974, plaintiff and her spouse conveyed certain real property to their daughter, reserving a life estate for themselves. This transfer was made without consideration (as a gift). Under Oregon's gift tax laws as they existed in 1974, the conveyance was not taxable although an information gift tax return was required.[1] Plaintiff filed the required return. *Page 156 
According to legislative history submitted by defendant, various problems were encountered in administering this law. Specifically, taxpayers were unaware of the need to file the information return thereby incurring penalties, although no tax was due. As part of the revisions made to the inheritance and gift tax laws in 1977, the legislature decided to conform this aspect of the gift tax laws to the federal estate and gift tax laws. Under that system, transfers of remainder interests in property are taxed to the extent of their fair market value as of the date of transfer. The gift by relinquishment or termination of the life estate is separately taxed according to its value. Accordingly, the legislature amended ORS 119.010(4), deleting the tie-in to ORS 118.010 and the portion of the statute which made the relinquishment of a life estate a gift "of the entire property."[2] The amendments to the gift tax laws, including the repeal of the provision taxing the entire property, were made effective for gifts made during the calendar years beginning on and after January 1, 1978.[3]
In January 1981, plaintiff and her spouse relinquished their life estate in the property by transferring it to their daughter. Plaintiff, with the assistance of counsel, filed a gift tax return reporting the 1981 transfer.[4] Upon audit of the gift tax return, the department concluded that the value of the entire property should be included as a taxable gift and assessed a deficiency.
The issue before the court is whether the entire value of the property is subject to the gift tax by virtue of the law *Page 157 
that was in effect when the initial transfer of the remainder interest was made in 1974. The court has concluded that it is not.
1. The gift tax in question is imposed on a transfer which took place in 1981. The law in effect in 1981 determines how much of the property is subject to tax. Without question, the statute, in 1981, taxed only the value of the life estate which was relinquished and not the whole property. The statute which once "deemed" the relinquishment of a life estate as a gift of the "whole property" was repealed in 1977 and was no longer in effect.
2. Defendant contends that the remainder interest transferred in 1974 is also taxable because the 1974 law made it taxable when (and if) the life estate was relinquished. However, a close reading of the 1974 law does not support this contention. Under the law as it existed in 1974, transfer of the remainder interest was not taxable, either currently or deferred. So far as the court can ascertain, the transfer of a remainder interest was simply ignored except for reporting purposes. It was only the relinquishment of the life estate which was taxable. By deeming relinquishment of the life estate as a gift of the whole property the statute implicitly recognized that the remainder interest had previously been transferred.
Defendant argues that plaintiff was chargeable with the knowledge that when the transfer was made in 1974 the whole property would be subject to tax on relinquishment of the life estate later. The knowledge of a taxpayer may be relevant in cases involving a constitutional issue of due process such as in Milliken v. United States, 283 U.S. 15, 51 S Ct 324,75 L Ed 809 (1931), cited by defendant. However, it is not relevant or given any weight in these circumstances. This case does not involve a question of due process or retroactive application of a statute. Moreover, plaintiff could have reasonably concluded that the 1977 amendments changed the law and therefore a transfer or relinquishment of her life estate in 1981 would be taxed only to the extent of its value. If the knowledge of the taxpayer is of any relevance in these circumstances, it would appear to support her position.
In order to find for the defendant, the court would have to read into the 1981 law a provision which was expressly *Page 158 
repealed by the 1977 legislature. This would be contrary to the plain language of the statute. The legislature could have easily provided for taxation of remainder interests which were transferred prior to 1977 and the life estates were relinquished after 1977. The legislature did not do so. There is no basis for the court to plug this "loophole" which may well have been intentionally left by the legislature.
The Department of Revenue Opinion and Order No. 3-0003-GFT shall be set aside and held for naught. Plaintiff shall recover her costs and attorney fees.
[1] The relevant portions of ORS 119.010 in 1974 read as follows:
 "(1) Each calendar year a tax shall be imposed upon the transfer during such calendar year by any individual resident or nonresident of property by gift.
"* * * * *
 "(4) The tax shall not apply to any transfer of property which is subject to an inheritance tax imposed by ORS 118.010; but the relinquishment or termination, other than by the donor's death, of any life estate or power to revest in the donor property heretofore transferred by the donor, is deemed a transfer by the donor by gift of the entire property subject to such life estate or power * * *."
[2] 1977 Or. Laws ch 666, § 18(4):
 "[The tax shall not apply to any transfer of property which is subject to an inheritance tax imposed by ORS 118.010; but] The relinquishment or termination, other than by the donor's death, of any life estate or power to revest in the donor property heretofore transferred by the donor, is deemed a transfer by the donor by gift [of the entire property subject to such life estate or power;] and any payment of the income therefrom to a beneficiary other than the donor, shall be deemed a transfer by the donor of such income by gift."
[3] 1977 Or. Laws ch 666, § 37:
 "The amendments, repeals and new matters by sections 1 to 34 and 36 of this Act apply to the estates of decedents dying after December 31, 1977, and to gifts made during calendar years beginning on or after January 1, 1978."
[4] The affidavit of Lucinda E. Huntley, plaintiff's daughter indicates that plaintiff also sought and received assistance from the Manager of the Gift Tax Unit of the Department of Revenue in calculating the value of the taxable gift in 1981. *Page 159