**ESTATE Of George P. BRADFORD, Ruth Bradford, Executor, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. C-86-0297-WWS.**

United States District Court, N.D. California.

Aug. 15, 1986.

Richard Urdan, Joan Richardson, Jeffrey D. Oscadar, Graham & James, San Francisco, Cal., for plaintiff.

Michael D. Howard, Asst. U.S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER

SCHWARZER, District Judge.

Plaintiff moves for summary judgment on its claim for a refund of part of the federal estate taxes it paid in 1982. Defendant has filed a cross motion to dismiss plaintiff's claim and in the alternative for summary judgment. The question for decision is whether public housing agency notes issued under the Housing Act of 1937, 42 U.S.C.A. § 1437 *et seq.* (West 1978 & Supp.1986) (the "Project Notes"), held by decedent at the time of his death, are includible in his estate for federal estate tax purposes. No material facts are in dispute and the matter is therefore ripe for disposition by summary judgment.

### FACTS

George P. Bradford, plaintiff's decedent, died on January 31, 1982. On November 1, 1982, plaintiff filed a federal estate tax return which included in the gross estate the Project Notes. The estate paid a total federal estate tax of $5,700,698.04, of which plaintiff claims $4,271,496.78 was attributable to the Project Notes.

On April 25, 1984, the United States District Court for the Northern District of Illinois decided *Haffner v. United States,* holding that such Project Notes were exempt from federal estate tax. 585 F.Supp. 354. On June 28, 1984, approximately two months later, plaintiff filed a claim for refund of the tax attributed to the Project Notes with the Internal Revenue Service ("I.R.S."). After the I.R.S. denied the claim, plaintiff filed this action.

Meanwhile in July 1984, Congress enacted the Deficit Reduction Act of 1984, sections 641 and 642 of which were intended to clarify the treatment of certain exemptions for purposes of the federal gift and estate tax. Pub.L. No. 98–369, 98 Stat. 494. The purpose of these provisions was to substantially overrule *Haffner. See* Staff of Joint Comm. on Taxation, 98th Cong., 2d Sess., General Explanation of the Revenue Provisions of the Deficit Reduction Act of 1984, at 971 (Comm.Print 1985) (cited as General Explanation).

Finally, on March 21, 1985, a divided panel of the Seventh Circuit, Judge Posner dissenting, affirmed the decision, adopting the reasoning of the district court. *Haffner v. United States,* 757 F.2d 920 (7th Cir.1985).

## DISCUSSION

The motions before the Court raise two issues: (1) whether the Project Notes are exempt from estate tax, and (2) if they are, whether § 641 may validly be applied to deny the exemption to plaintiff.

### A. Are the Project Notes Exempt from Estate Tax.

■ Section 11(b) of the Housing Act of 1937 provides that the obligations of public housing agencies shall be exempt from "all taxation." 42 U.S.C.A. § 1437i(b) (Supp. 1986). In *Haffner*, the district court held that this exemption applies to estate and gift tax as well as income tax. In light of the general rule that such language does not create an exemption from estate taxation, the question is a close one. *See Haffner*, 757 F.2d at 921 (Posner J., dissenting). In view of the well-reasoned opinion of Judge Will, adopted by the majority of the panel, and the policy against creating unnecessary conflicts among the circuits, *United States v. Gwaltney*, 790 F.2d 1378, 1388 n. 4 (9th Cir.1986), the Court will follow *Haffner*.

### B. May § 641 Be Applied to Deny Plaintiff the Exemption.

Section 641(a) states that "[n]othing in any provision of law exempting any property ... from taxation shall exempt the transfer of such property ... from Federal estate, gift, and generation-skipping transfer taxes unless it refers to the appropriate provisions of the Internal Revenue Code of 1954." Section 641(b)(2) applies this provision to "any transfer of property ... if at any time there was filed an estate or gift tax return showing such transfer as subject to Federal estate or gift tax." This language has the effect of giving retroactive effect to the denial of the exemption to any estate which has filed a tax return including Project Notes in the estate.

■ Plaintiff's first argument is that its claim for a refund amended its return and that section 641(b) is therefore inapplicable to the transfer of the Project Notes. But the statute makes the denial of the exemption under section 641(a) applicable to "*any* transfer" occurring before June 19, 1984 "if *at any time* there was filed" a return including the property in the gross estate. The underscored language indicates that subsequent amendments of estate tax returns have no effect on the operation of section 641(b). If an estate ever included Project Notes in its return, it is barred from claiming a refund. General Explanation, *supra*, at 972. The argument is therefore without merit.

■ Next plaintiff argues that the retroactive application of § 641 violates due process. The validity of the retroactive application of a tax statute under the due process clause depends on "whether, *without notice*, [the] statute gives a different and more oppressive legal effect to conduct undertaken before the enactment of the statute." *United States v. Hemme*, —— U.S. ——, 106 S.Ct. 2071, 2078, 90 L.Ed.2d 538 54 U.S.L.W. 4563, 4566 (July 30, 1986). Retroactive taxation is not so arbitrary as to violate the due process clause if it is no more burdensome than the taxpayer should have anticipated when he engaged in the transaction taxed. *Wilgard Realty Co. v. Commissioner of Internal Revenue*, 127 F.2d 514 (2d Cir.), *cert. denied*, 317 U.S. 655, 63 S.Ct. 52, 87 L.Ed. 527 (1942). The Supreme Court has, for example, upheld retroactive application of a statute increasing the rate of taxation on gifts made in contemplation of death. *Milliken v. United States*, 283 U.S. 15, 51 S.Ct. 324, 75 L.Ed. 809 (1931). According to the Court, Congress's policy was to tax those gifts at the same rate as transfers by will. *Id.* at 22, 51 S.Ct. at 326. Taxpayers were therefore on notice that a change in the rates of estate taxation would be accompanied by a retroactive change in the rates of gift taxation. *Id.* at 23, 51 S.Ct. at 327.

■ In this case plaintiff and plaintiff's decedent had reason to expect that the transfer of the Project Notes would be subject to estate taxation. *Haffner's* interpretation of § 11(b) is contrary to the usual interpretation of general tax exemptions.

Courts ordinarily presume that a statute exempting property from "all taxation" does not exempt the transfer of that property from estate and gift taxation. *See United States Trust Co. v. Helvering,* 307 U.S. 57 (1939); *Plummer v. Cole,* 178 U.S. 115, 20 S.Ct. 829, 44 L.Ed. 998 (1900). In a 1981 Revenue Ruling, the I.R.S. specifically adopted this position with respect to § 11(b). Rev.Rul. 81–63, 1981–1 C.B. 455. The transfer of plaintiff's Project Notes took place after this ruling had been issued and before *Haffner* had been decided. The pre-*Haffner* authority gave plaintiff and plaintiff's decedent notice that the notes would not be exempt from estate taxation, and no reason to hold a contrary expectation.

Moreover, plaintiff not only had reason to expect, but demonstrably did expect, taxation of the transfer of the Project Notes. Plaintiff included the Project Notes on its estate tax return. Plaintiff changed its position and filed for a refund only after *Haffner* was decided.

The cases cited by plaintiff in support of its contention that section 641(b) violates due process, *Untermyer v. Anderson,* 276 U.S. 440, 48 S.Ct. 353, 72 L.Ed. 645 (1928); *Blodgett v. Holden,* 275 U.S. 142, 48 S.Ct. 105, 72 L.Ed. 206 (1927); and *Nichols v. Coolidge,* 274 U.S. 531, 47 S.Ct. 710, 71 L.Ed. 1184 (1927), are not apposite. Those cases involved the imposition of a gift tax on gifts made before any federal gift tax had been enacted. *See United States v. Hemme,* —— U.S. ——, 106 S.Ct. 2071, 2076, 90 L.Ed.2d 538, 54 U.S.L.W. 4563, 4565 (June 3, 1986). The taxpayers in those cases unlike plaintiff's decedent, had no notice that their actions might be subject to taxation. *Id.*

Moreover, as the Ninth Circuit has stated, "[c]ourts have consistently upheld the retroactive application of curative legislation which corrects defects subsequently discovered in a statute and which restores what Congress had always believed the law to be." *Long v. United States Internal Revenue Service,* 742 F.2d 1173, 1183 (9th Cir.1984). Specifically, Congress may give a tax statute retroactive effect in order to cure a perceived judicial misinterpretation of an existing statute. *Id.; Wilgard Realty Co. v. Commissioner of Internal Revenue,* 127 F.2d 514, 515–17 (2d Cir.), cert. denied, 317 U.S. 655, 63 S.Ct. 52, 87 L.Ed. 527 (1942); *see also Moss v. Hawaiian Dredging Co.,* 187 F.2d 442 (9th Cir.1951); *Seese v. Bethlehem Steel Co.,* 168 F.2d 58 (2d Cir.1948). That is what Congress has done in this case. The due process clause does not bar Congress from denying taxpayers the benefit of *Haffner.*

In a recent opinion, the district court for the Eastern District of Pennsylvania held that § 641(b) does violate the due process clause. *Netsky v. United States,* No. 85–5219 (E.D.Pa. August 8, 1986) [Available on WESTLAW, DCTU database]. That court held that a decedent had no reason to anticipate taxation of Project Notes included in his estate. *Id.* at 7. The *Netsky* case may be distinguishable because the decedent had died in 1981, *id.* at 1, the year of publication of Revenue Ruling 81–63 holding that Project Notes are subject to estate and gift taxation. The decedent in *Netsky* may thus have had little, if any, opportunity to rearrange his affairs to avoid the effect of that ruling. Plaintiff's decedent, on the other hand, died a year later and must be presumed to have had notice of the ruling. In any event, the Court is not persuaded by the reasoning of *Netsky.*

Finally, plaintiff argues that the distinction in § 641(b) between estates that have included Project Notes in their tax returns and those that have not violates the equal protection clause. Section 641(b) draws a distinction between estates that have filed returns listing such Notes as part of the taxable gross estate and estates that have not done so. The former are subjected to retroactive application of § 641(a) while the latter are not.

Classifications in tax statutes, like classifications in other statutes, are valid if they bear a rational relationship to a legitimate government purpose. *Williams v. Vermont,* 472 U.S. 14, 105 S.Ct. 2465, 2472, 86 L.Ed.2d 11 (1985); *Regan v. Taxation*

*with Representation,* 461 U.S. 540, 547, 103 S.Ct. 1997, 2001, 73 L.Ed.2d 129 (1983). The obvious purpose which the distinction in § 641(b) further is to mitigate the consequences of which plaintiff complains in its due process argument. A rational legislature could conclude that estates which have not included Project Notes on their returns are less likely to have had notice that the notes might be subject to taxation than estates which have included them. As defendant correctly points out, "It is hardly unreasonable for Congress to attempt to comply with the due process provisions of the Constitution when enacting legislation."

For the reasons stated, defendant's motion for summary judgment is granted and plaintiff's motion is denied.

IT IS SO ORDERED.